## KEMP & BUCKEY v. PORTER.

1. Where a levy is made on slaves and bond given to try the right by one claiming them, a subsequent junior execution cannot be levied on the same slaves, although they are left by the claimant with the defendant in execution.

2. The deputy clerk may take the probate of a deed in the absence of his principal.

3. The consent of a beneficiary of a trust deed will not be presumed, where the deed postpones the payment of the secured debt beyond the time when it fell due by the contract of the parties.

Error to the Circuit Court of Autauga.

This was a suggestion by the plaintiffs in error that the defendant, sheriff of Benton county, could by due diligence, have made the money on an execution of the plaintiffs against Edward Herndon and W. C. Kelly, and having made out a *prima facie* case, rested.

The sheriff then proved that four other executions which issued on judgments older than that of the plaintiffs, came to the hands of his predecessor in office, and were levied by him on the same property this execution was levied on—that before the return day of the first execution, one Jesse G. Cobb, as the trustee of one Givens, interposed a claim to the slaves levied on, and that bond was given for the trial of the right, which is still pending in the Circuit Court of Benton.

The sheriff also proved that he made the levy on plaintiffs execution by request of their attorney, who instructed him if he could find no other property, to levy on such as had been levied on before. Upon the execution being returned a *venditioni exponas* was issued and sent to him to sell the property so levied on, and also a *pluries fi. fa.* the execution of which was arrested by an injunction out of Chancery.

The defendant also offered to read a deed executed by the defendant in execution, to J. G. Cobb, trustee for W. T. Givens, by which the property levied on was, before that time conveyed to secure the payment of certain debts due from Herndon, the probate of which was in the usual form, but taken by the deputy clerk. The plaintiffs objected to the reading of the deed, because it had not been truly probated, and because the assent of Givens to the deed was not shown. The Court was of opinion that the probate was insufficient, but refused to exclude the deed from the jury, and also overruled the objection of the want of assent by Givens.

The Court charged the jury, that if the property levied on by the plaintiffs execution, had been previously levied on by executions of older date, and claims interposed to try the right of property, which were still pending, the sheriff could not be charged in this proceeding.

That in regard to the levy on land by all the executions, if the first four were issued on judgments older than the plaintiffs, they were first to be satisfied; and the sheriff was not liable to the plaintiffs, unless the land was of value sufficient more than to satisfy the older judgments.

That if the *venditioni exponas* had been enjoined before the return day, the sheriff was not liable for not selling.

The counsel for the plaintiffs moved the Court to instruct the jury, that if after the levy by Price and the claim interposed by Cobb, the property did not remain in the possession of Price or Cobb, but was left in the possession of Herndon, that then the levy by Price was not a bar to the plaintiffs execution on the same property, though the proceedings were still pending upon the claims—which instruction the Court refused to give, and the plaintiffs excepted.

These matters are now assigned for error.

PRYOR, for the plaintiffs in error, cited, 1 M. & S. 711; 14 Mass. 190, 217, 352; 11 Pick. 519; 13 Mass. 114; 7 Cow. 271; 8 B. & C. 589; 4 D. & E. 621; 10 Mass. 125; 16 Id. 465; 12 Id. 495.

ORMOND, J.—In this case an opinion was announced adverse to the plaintiffs in error at the last term of this Court, and upon their petition the cause has been again reheard. During the period that the cause has been under consideration, the case of Langdon & Co. v. Brumby, has been determined. It was there held that the levy of an execution and bond given to try the right of property under the statute, exempted the property so levied on from another levy, at the instance of a junior execution creditor.

This we understand to be the predicament of this case. Four executions senior to that of the plaintiffs in error, and issued on judgments admitted to be older than their's, against the same defendant in execution, came to the hands of Price, the predecessor of the defendant in error, and were by him levied on the same property subsequently levied on by the defendant in error, by the direction of the plaintiffs attorney, previous to which levy, the slaves so levied on had been claimed by one Cobb, as his property, and bond given to try the right of property against the plaintiffs in the four first executions, which trials were still pending, down to the trial of this cause. The levy thus made was fruitless, upon the authority of the case cited, as to the slaves levied on in both executions, as in their condition they were not subject to levy by the plaintiffs execution.

It is however strenuously insisted, that as the claimant permitted the slaves to remain in the possession of the defendant in execution, after the claim was interposed, the property became subject to seizure by a subsequent judgment creditor. We are of the opinion that the fact, merely, that the claimant permitted the property to remain in the possession of the debtor, does not authorize the sale of property so circumstanced by a junior judgment creditor. When the claim is interposed the property is in the custody of the law, and the possession of the defendant in execution, is that of a bailiff merely. This point was thus ruled in Rives & Owen, v. Welborn,

6 Ala. Rep. 45, the facts of which as to this point, are precisely analogous to this case.

It is unnecessary to consider the question arising under the injunction from Chancery, forbidding the sheriff from selling under the *venditioni exponas*, as it is only insisted that the default of the sheriff arose under the previous *alias fi. fa.* the effect of which we have considered.

We understand the question upon the probate of the deed to be, not whether the probate in the clerk's office was sufficient to authorize the deed to be read without further proof, but whether the probate was sufficient to justify its registration in the office. The objection urged is, that the probate was taken by the deputy instead of the principal clerk. By the act of 1836, (Clay's Digest, 146, § 19,) the deputy clerk is authorized to do all acts in the absence of the principal clerk which the principal could do were he present. This is conclusive of the question—as we must presume, until the contrary is shown, that the principal was absent, and that the deputy was therefore authorized to act.

This Court as well as others has repeatedly held, that the assent of the beneficiary of a deed to its provisions will be presumed until the contrary is shown. This presumption is founded on the benefit which the grantee derives from the deed, and ceases when it imposes onerous conditions as the price of the benefit conferred. In Elmes v. Sutherland, at the present term, it was held, that where a deed conveyed property in payment of a debt, but postponed the time of payment to a period beyond the time when the debt was due, and also stipulated for the enjoyment by the grantor of the pro-property conveyed during such period, that the assent of the beneficiary would not be presumed. Such is the condition of this deed. It is made to secure the payment of twenty-one thousand dollars stated in the deed, to be due on promissory notes, all of which it appears from the deed were due at the time of its execution, (the 20th April, 1840,) yet the deed provides that the property which is conveyed in trust for the payment of the debt, shall be retained by the grantor until the 25th of December, 1843, and shall not be sold for the payment of the debt until after that period. This deed is not therefore necessarily beneficial to the grantee or beneficiary, and

his assent to it must be shown, to prevent the property conveyed by it, from being subject to the claims of other creditors. In ruling that the assent of Givens the beneficiary was not necessary, the Court erred.

The counsel for the plaintiffs in error has submitted an argument, that the sheriff was guilty of a default in not selling the lands levied on. This was a levy on some town lots in the town of Jacksonville, which were levied on, both in virtue of the four senior executions, and that of the plaintiffs in error. Whether these lots were subject to sale or not, appears to depend on another question, whether the deed first spoken of in which they are conveyed, is valid as against the plaintiffs. The deed bears date anterior to any of the judgments, and conveys the legal title to another, and if the deed is operative under our statute, the equitable interest of the grantor could not be sold. Other suppositions might be indulged in, but it is unnecessary to discuss questions not necessary to the decision of the case, and which may not again be presented.

Let the judgment be reversed and the cause remanded.