## BABCOCK & GRIFFIN v. WILLIAMS.

1. A surety in a claim bond, is not precluded by a judgment improperly obtained against his principal, from resorting to a Court of Chancery, to establish, that the property levied on and condemned; had been previously levied on by a senior judgment creditor, and condemned, pending the trial of which, the last levy was made; and that the property had been delivered, in satisfaction of the judgment of the senior creditor.

2. A senior creditor does not lose his *lien*, because a claim is interposed, and returned to the *County Court* for trial, but will continue until the suit is determined, when it may be reissued.

Error to the Chancery Court of Barbour.

THE bill was filed by the defendant in error, and states that the Bank of Columbus recovered a judgment against Thomas Gray, and others, in the County Court of Barbour; that on the 28th August, 1843, an execution issued on the judgment, and was levied on a negro woman, as the property of Gray; that Gray, as the next friend of his wife, interposed a claim, and gave bond to try the right of property, with complainant as his surety in the claim bond; that a trial of the right was had in the County Court, and the negro woman found subject to the execution; that on the 14th February, 1844, another execution issued from said court, on the same judgment, and against the same defendant; that by virtue of the execution, the sheriff demanded the slave previously levied on; took her into possession, and sold her, under the last mentioned execution.

That on the 31st October, 1843, two executions issued from the clerk's office of the Circuit Court of Barbour, one in favor of the plaintiffs in error, for $493 24, and one in favor of B. S. Hawley, for $104 59, besides costs, against the said Gray, and were on the same day levied on the same slave, when Gray again interposed a claim on behalf of his wife, and the complainant as his surety for trial of the right; that

at the fall term, 1844, these trials of right of property came on to be tried, and the slave was found subject to the executions; that executions issued on the 6th December, 1844, upon which the sheriff indorsed, that he demanded the slave of the complainant, and that he failed to deliver up the same, and that thereupon executions issued against Gray and complainant, for the debt of plaintiffs in error, and costs, the negro woman having been previously delivered up to the sheriff to satisfy the execution in favor of the Bank, and sold by him. The bill alledges that both the plaintiffs in error and Hawley are non-residents.

Babcock & Griffin answer, and admit the allegations of the bill, and a judgment *pro confesso* was taken against Hawley.

The Chancellor made his decree, enjoining the collection of the judgments. From which this writ is prosecuted.

PRYOR, for the plaintiff in error.

SAYRE, contra.

ORMOND, J.—It has been established by the previous decisions of this Court, that where an execution has been levied on property, and bond given to try the right, a junior execution cannot be levied on the same property, pending the trial, though the property is left with the defendant in execution. [Kemp & Buckeye v. Porter, 7 Ala. Rep. 138.] This being the fact, in regard to the two last levies made in this case, would have been decisive against their validity, if the objection had been taken in the Circuit Court, previous to the judgment on the trial of the right of property, and the only question is, whether the surety in the claim bond, can be prejudiced by the omission of his principal to interpose the objection.

In our judgment he is not. He was not a party to that proceeding, and is not concluded by it. The facts then, are, that a statute judgment has been obtained against him, for not doing that which it was impossible for him to do, the slave having been previously delivered to the sheriff, and sold under the prior execution of the Bank.

The interposition of the claim, did not in the slightest degree affect the junior judgment creditors, or abridge any of their rights, but was superinduced by their own act, in levying on property which was then in the custody of the law, and not subject to be levied on.

Nor does it vary the case in the slightest degree, that the County Court had not jurisdiction of the trial of the right of property. The institution of that proceeding was the act of the claimant, in which the plaintiff in execution did not participate; it did not therefore affect the lien of the senior creditor, which continued until that suit was determined, when the execution was again reissued, and levied on the same property.

This is a full and complete answer to the levy of the plaintiffs in error, but it is one which the complainant has had no opportunity to make at law, as the statute judgment consequent upon the return of the sheriff, is rendered *ex parte.* In such cases, it has been repeatedly held by this court, that the party aggrieved may seek redress in equity, and it may be added, can obtain it no where else.

The case, when stripped of all adventitious circumstances, is that of a surety for the delivery of property, levied on by three judgment creditors, which he has delivered up, and which has been absorbed by the senior execution. Upon no principle of justice or equity, can he be made responsible for the deficiency.

We think however, he should be taxed with the costs of the Court of Chancery, the resort to which he might have prevented, by an application to the court of law, upon the trials of the right of property. The costs of this court, must be paid by the plaintiffs in error. With this modification, the decree of the Chancellor must be affirmed.