## McLEMORE, Adm'r, *vs.* BENBOW.

1. When an execution has been levied on property and bond given to try the right thereto in conformity with the statute, a second levy under a junior execution cannot be made on the same property before the claim is disposed of.
2. In such case, the court will on motion set aside the second levy, even before the return of the execution.

ERROR to the Circuit Court of Montgomery. Tried before the Hon. Robert Dougherty.

BELSER & HARRIS, for plaintiff in error:

1. The execution not having been returned to court, the court had no jurisdiction of it, and could make no order touching or concerning it. The court will not interfere on motion to prevent the sheriff from selling, but the party having title has his remedy by action.—Hewson v. Deggert, 8 Johns. 333.

2. The property being of greater value than the amount of the execution levied on it, if it was in fact the property of the de-

fendant, he had an interest in the surplus; and the surplus belonging to the defendant in execution, McLemore had the right to apply that surplus to his execution, and he could only do so by levying his execution on it.

T. WILLIAMS, *contra:*

1. Property levied on and claimed by a third person, pending such issue, the property so levied on is not subject to levy under another execution.—Kemp & Buckly v. Porter, 7 Ala. 138, and see Langdon & Co. v. Brumby, adm'r, 7 ib. 53, where plea of former levy, &c. not good.

2. Property levied on and trial of right pending, chancery will interfere by injunction and stop second levy on same property.—Huntington v. Bell, 2 Port. 51.

3. But the court possess a controlling power over the acts of their officers, and if a sheriff is guilty of irregularity in his proceedings upon an execution, to the prejudice of either party, or a third person, the court will either set aside or correct the act complained of.—Mobile Cotton Press v. Moore & McGee, 7 Por. 687.

DARGAN, C. J.—An execution was issued in favor of William H. Ogbourne against James K. Pinckston, on the 22d day of April, 1850, for five hundred dollars, besides cost, and was levied on a slave named Bill, as the property of Pinckston. Benbow interposed a claim to the slave as his, and gave bond according to the statute to try the right of property. On the first day of November, 1850, two other executions were issued against Pinckston in favor of McLemore, and were levied on the fifth day of November, 1850, on the same slave, the claim of Benbow being then pending and undisposed of. The two executions in favor of McLemore were returnable to the Spring Term of the Circuit Court, 1851. At the November Term, however, after the second levies were made, Benbow moved the court to set them aside, which motion was granted, and to reverse this judgment setting aside the second levies, McLemore brings a writ of error to this court.

We admit that the court will not interpose in this summary way and set aside an execution when it has been levied by the sheriff on the property of one, who is a stranger to the writ, but

will leave the party aggrieved by the act of the sheriff to his remedy, and the case of Hewson v. Deggert, 8 Johns. 267, is an authority to this point. But it must be considered as the settled law in this State, that when an execution is levied on property and a bond is given to try the right thereto in conformity with the statute, a second levy under a junior execution cannot be made upon the same property before the claim is disposed of.—Langdon & Co. v. Brumby, 7 Ala. 138; Kemp & Buckly v. Porter, 7 ib. 53. The reason of this is, that the property, although in fact in the possession of the claimant, is nevertheless considered as in the custody of the law; the courts therefore will not permit it to be taken from the claimant by a junior execution, and thus deprive him of the power to deliver the property in conformity with the condition of the bond. But it is urged that the court cannot act upon the matter until the execution is returned, but we see no reason for this; the property being considered as in the custody of the law, the court may control its own officers from improperly levying upon it, whether the execution is returned or not.

We do not perceive any error in the action of the court, and the judgment must be affirmed.