## SPENCER *vs.* GODWIN.

[TROVER AGAINST SHERIFF'S BAILEE, BY PURCHASER FROM DEFENDANT IN EXECUTION.]

1. *Separate estate in wife created by husband's deed.*—Where the husband conveys property to a trustee for his wife, she takes, as against him, a separate estate in the property.
2. *Validity of voluntary conveyance.*—A voluntary conveyance is void as against the existing creditors of the grantor, and cannot create in a sub-purchaser with notice a title superior to that of an existing judgment creditor.
3. *What constitutes purchase with notice.*—The purchaser of a slave from a married woman, who takes a bill of sale from her and her husband, containing a warranty of title, "except so far as said slave may be subject to the debts and judgments against" the husband, is chargeable with notice of the liability of the slave to the existing debts of the husband.
4. *Levy of fi. fa. on property pending trial of claim suit.*—The levy of an execution on a slave, pending a trial of the right of property under a former levy against the same defendant, is not void as against a purchaser from the claimant pending the trial of the claim suit.

5. *Title of purchaser from claimant pending trial of right of property.*—A purchaser from the claimant of property, pending a trial of the claim suit, acquires only the title which the claimant had, independently of his rights under the claim bond.

6. *Admissibility of record.*—The record of a chan:ery suit, instituted by the wife, for the purpose of reforming a voluntary deed from her husband, and enjoining his execution creditors, is not admissible evidence for a purchaser from her, in an action of trover, previously instituted by him, against one who derives title under a judgment against the husband, older than the deed sought to be reformed.

7. *Declarations of bailor not admissible against bailee.*—In trover against the bailee of a sheriff, the declarations of his bailor, tending to show a conversion after suit brought, are not admissible evidence against him.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Richard P. Spencer, against Wells Godwin and Alfred P. Reed, to recover damages for the conversion of a slave named Job; and was commenced on the 18th March, 1850. The plaintiff derived title to the slave under a purchase from Mrs. Mary A. Yonge, which was made in Columbus, Georgia, on the 8th November, 1849, where the parties and the slave then were. At plaintiff's request, but without any new consideration, W. P. C. Yonge, the husband of Mrs. Mary A. Yonge, joined with her in the bill of sale to plaintiff, which contained a warranty of title, "except so far as he [said slave] may be subject to the debts and judgments against W. C. Yonge in the State of Alabama."

Mrs. Yonge claimed said slave, as a part of her separate estate, under a deed dated March 15, 1847, by which her husband conveyed said slave, with other property, to Wells Godwin, as trustee, for her benefit; which deed, the bill of exceptions says, "was fair and lawful, but voluntary." At the time of the execution of this deed, said W. P. C. Yonge and Wells Godwin were partners in trade, under the firm name of Yonge & Godwin; and there were several outstanding debts against them, one in favor of L. M. Wiley & Co., and another in favor of Parmelee, Rodgers & Co. Wiley & Co. having reduced their debt to judgment, an execution issued thereon was levied on the slave in controversy, as the property of said

W. P. C. Yonge; whereupon Mrs. Yonge interposed a claim, by her next friend, and obtained the possession of the slave on executing the statutory bond. The slave remained in the possession of Mrs. Yonge, under this claim bond, until the sale to plaintiff above mentioned, the claim suit being then undisposed of.

On the 12th January, 1850, the slave was levied on by the sheriff of Russell county in this State, by the direction of said Wells Godwin, under an execution against said Yonge & Godwin, in favor of Parmelee, Rodgers & Co.; and was delivered by the sheriff to said Wells Godwin, for safe-keeping. This execution was received in office on the 8th November, 1849, and was issued on a judgment which was founded on a debt older than the deed from Yonge in trust for his wife. At the time of its levy, the trial of the right of property between Mrs. Yonge and Wiley & Co. was still pending.

These are all the facts, as set out in the bill of exceptions, which relate to the respective titles of the parties.

The plaintiff offered in evidence the record of a chancery suit, instituted by Mrs. Yonge, suing by her next friend, on the 25th September, 1849, against her husband, Wells Godwin, and certain execution creditors of her husband who had levied on the slave Job; seeking to reform, if necessary, the deed under which she claimed said slave, to remove Wells Godwin from the trusteeship of her separate estate, and to enjoin the execution creditors of her husband from further proceedings to subject said slave to the satisfaction of their debts; also, the record of another similar chancery suit, instituted by Mrs. Yonge, against Parmelee, Rodgers & Co., on the 1st April, 1851; both of which suits were still pending and undisposed of. The court ruled that these records were not admissible evidence, and the plaintiff excepted to its decision.

"The plaintiff offered to prove, that the defendant Reed, immediately after the commencement of this action, received the possession of said slave through the sheriff, and claimed his custody as being the assignee of the execution in favor of Parmelee, Rodgers & Co., and having the control thereof. The court excluded this evidence, on the

defendant's objection, and the plaintiff excepted. It was offered in proof, that the sheriff of Russell county, during the fall term of said circuit court, had given plaintiff an order, or permisson, to take said slave home with him, but plaintiff was prevented. from doing so at that time ; and that plaintiff and said Reed had a conversation, during that court, in which Reed said to plaintiff, 'The conversion of Job is now complete, if it was not before.' The court excluded this evidence, also, as being illegal, irrelevant, and occurring after the commencement of this action ; and the plaintiff excepted.

"This was all the evidence ; and thereupon the court charged the jury, that if they believed all the evidence above set forth, the plaintiff had no right to recover in this action ; to which charge the plaintiff excepted."

The charge of the court, and its rulings on the evidence, are now assigned as error.

Geo. D. Hooper, for the appellant.

James E. Belser, contra.

WALKER, J.—The conveyance of Wm. C. Yonge, in trust for his wife, vested the title to the slave in controversy in the trustee, for the separate use of Mrs. Yonge, upon the principle laid down in the cases of Andrews v. Andrews, 28 Ala. 438; McWilliams v. Ramsey, 23 Ala. 816; and Williams v. Maull, 20 Ala. 730. This conveyance was voluntary, and, therefore, void as against existing creditors. The conveyance by Yonge and wife to the plaintiff, made under the circumstances stated in the bill of exceptions, was voluntary as to Yonge, and, therefore, void as to his existing creditors. The debt on which the judgment of Parmelee, Rodgers & Co. was founded, was older than either of these conveyances; and neither the one nor the other, nor both of them together, can make a title maintainable against an execution issued on that judgment, in favor of a purchaser with notice.

If the execution of Parmelee, Rodgers & Co. could have been legally levied on the slave in controversy, the sheriff might have constituted the defendant, Godwin,

his bailee; and the latter could, on the authority of the right derived from the bailment of the sheriff, have successfully resisted an action of trover brought by one who held under a voluntary conveyance from the defendant in execution, subsequent in date to the debt on which the judgment was founded.

The only objection to the levy of the execution is, that a senior execution against the same defendant had, before the issue of the execution under which this suit is defended, been levied on the same property, and, a claim having been interposed, a trial of the right of property was pending at the time of the levy under which the defendants claim. But we do not think that the pendency of the trial of the right of property can render void the levy of a junior execution, as against a vendee of the claimant, to whom the property is conveyed during the proceeding for the trial of the right of property.—McLemore v. Benbow, 19 Ala. 76; Branch Bank at Montgomery v. Broughton, 15 Ala. 127; Babcock v. Griffin & Williams, 9 Ala. 150; Atwood v. Pierson, 9 Ala. 658; Kemp v. Buckey, 7 Ala. 138; Langdon & Co. v. Brumby, 7 Ala. 53; Rives & Owen v. Willborne, 6 Ala. 45.

The purchaser from the claimant, who has replevied the property levied on, cannot take by the purchase pending the trial of the right of property the right which pertains to the claimant, as the law-appointed custodian of the property. He can only take by his purchase such title to the property as pertained to the claimant on his title, aside from the pendency of the claim and the execution of the claim bond; and consequently, the property is liable, as to such purchaser, to the junior execution, when the title of the claimant, as contra-distinguished from his mere right to the custody under the claim bond, is subordinate to the right of the plaintiff in execution.

It must be observed, that the terms of the plaintiff's bill of sale are such that he must be regarded as a purchaser with notice of the liability of the property to the execution levied on it; and it is upon that idea our opinion is based. Having purchased with notice, the plaintiff has no better title than his vendor had.

The levy of the execution not being void, the sheriff might himself defend upon it, and so may his bailee. There being no other objection to the levy, it follows from what we have said, that the court did not err in the charge given to the jury.

The records offered in evidence could have had no effect on the rights of the parties. Aside from the objection that they were the records of suits commenced after the institution of this action, they could have no other effect than to reform the deed of trust, so as to make its express words create a separate estate; while the law already conceded to it that effect. The deed, being voluntary, was void as to existing creditors; and it was altogether immaterial, so far as concerns the question of the liability of the property to the existing debts of the grantor, whether it created a separate estate or not. If the property was liable to be levied on at the commencement of the suit, that levy could not be converted into a wrongful conversion of the property by the subsequent proceedings in chancery.

The declarations of one of the defendants, offered in evidence by the plaintiff, could not, if admitted, have affected the result of the case. If they had been in evidence, the court would still have been bound to charge the jury as it did. Indeed, they contribute to sustain the defense of the holding under the levy of the execution; except some declarations which conduce to show a conversion after the commencement of the suit, and which would be inadmissible. There was no error, prejudicial to the appellant, in the rejection of those declarations as evidence. It does not appear that the sheriff was a party to this suit; and his declarations, after the commencement of the suit, were not admissible evidence against the defendants.

The judgment of the circuit court is affirmed.

RICE, C. J., not sitting.