# Bradley & Co. v. Ragsdale.

*Bill in Equity by Creditors, to set aside Fraudulent Conveyance.*

1. *What conveyances are fraudulent.*—A conveyance without consideration, or on a simulated consideration, is inoperative and void as against existing creditors; but, if it is founded on a valuable consideration, it will not be set aside at the instance of creditors, because of the grantor's intent to hinder, delay, or defraud them, unless the grantee participated in that intention, had knowledge of its existence, or had notice of facts which would charge him with constructive knowledge of it.

2. *Same.*—Where the evidence shows that the grantee paid about the fair cash value of the property, the transaction will not be held fraudulent, merely because he was related to the grantors, and afterwards leased the property to them.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 28th January, 1873, by the persons composing the firm of A. Bradley & Co., merchants and partners in trade, doing business in the city of Pittsburg, Pennsylvania, as creditors of William Ragsdale & Brother, a mercantile partnership composed of William and John Ragsdale, doing business at Florence, Alabama, against the said Ragsdales, and William P. Tanner; and sought to set aside, as fraudulent, a deed by which the said Ragsdales conveyed their store-house and lot in Florence to said Tanner, and to subject the property to the satisfaction of the complainants' debts. The deed to Tanner, a copy of which was made an exhibit to the bill, was dated the 5th March,

1872, and recited the payment of $2,000 as its consideration. The complainants' debts amounted to $1,800, with interest, and consisted of three bills of exchange, for $600 each, drawn by them on themselves, and accepted by Ragsdale & Brother; all being dated the 1st December, 1870, and payable, one sixty days, one ninety days, and one four months after date, respectively. Tanner was the brother-in-law of said William and John Ragsdale, and then resided in Nashville, where he was engaged in business. The bill alleged that, at the time the conveyance to Tanner was executed, the complainants' claims were in the hands of their attorneys in Florence, who were pressing the debtors for payment; that the property conveyed by the deed was worth $4,000 ; that the recited consideration was simulated ; that the transaction was intended by the grantors to hinder, delay, and defraud the complainants in the collection of their debts, and that Tanner participated in the fraudulent intent, or had knowledge of it. Answers were filed by the defendants, denying specifically all the charges of fraud, and asserting the validity of the conveyance. On final hearing, on pleadings and proof, the chancellor held that the complainants had failed to make out their case, and therefore dismissed their bill ; and his decree is now assigned as error.

KEYES & JONES, for appellants.

E. A. O'NEAL, and W. COOPER, contra.

STONE, J.—The questions presented by this record have been so often considered and decided by this court, that we consider it unnecessary to elaborate them. The bill is filed by Bradley & Co., creditors of Ragsdale and brother, and seeks to set aside as fraudulent a conveyance of a store-house and lot, made by the latter to W. P. Tanner. If the conveyance was made upon no consideration, or upon a simulated consideration, then it would be inoperative as to existing creditors.—2 Brick. Dig. 21, § 100; *Crawford v. Kirksey*, 55 Ala. 282, 292; *Spencer v. Godwin*, 30 Ala. 355. If the conveyance be upon a valuable consideration, then the question of intent becomes prominently material. The consideration may be paid in money—may be valuable, and fully adequate ; yet, if it was made "with intent to hinder, delay, or defraud creditors, purchasers, or other persons, of their lawful suits, damages, forfeitures, debts or demands," it is void, and stands for nothing.—Code of 1876, § 2124 ; *Pl. & M. Bank v. Borland*, 5 Ala. 531 ; *Cummings v. McCullough, Ib.* 324 ; *Hubbard v. Allen*, 59 Ala. 283 ; *Howell v. Mitchell*, in manuscript. But

the fraud which vitiates a contract of sale, when a valuable consideration is paid or promised, must be an intention on the part of the seller to delay, hinder, or defraud ; and the purchaser must participate in such intention, have knowledge of its existence, or have notice of some fact calculated to put him on inquiry, which, if followed up, would lead to a dis⁻ covery of the fraudulent intent of the seller.—*Borland v. Mayo,* 8 Ala. 104 ; *Hall v. Heydon,* 41 Ala. 242 ; *Stover v. Herrington,* 7 Ala. 142 ; *Anderson v. Hooks,* 9 Ala. 704 ; *Abercrombie v. Bradford,* 16 Ala. 560 ; *Townsend v. Harwell,* 18 Ala. 301 ; *Tompkins v. Nichols,* 53 Ala. 197.

In the present record, there are some circumstances disclosed, which tend to prove that the Ragsdale brothers have made no effort to pay the debt to A. Bradley & Co. It is not a strained inference that, in their sale to Tanner, they sought to place their property beyond the reach of creditors ; but it is only an inference. There is an entire absence of proof that Tanner had any knowledge, or notice, of any fraudulent intent on their part, or of any fact calculated to put him on inquiry. All the proof on the question shows that the transaction was a real sale—that Tanner paid Ragsdales two thousand dollars in cash, his own money, and that this sum was about the fair cash value of the property. Tanner's relationship to the Ragsdales, and the fact that he leased the premises to them, are, by themselves, not enough to stamp the transaction as fraudulent.—*Crawford v. Kirksey, supra :* *Mayer v. Clark,* 40 Ala. 259 ; *Andrews v. Jones,* 10 Ala. 400.

The decree is affirmed.