# Maas & Block *v.* Long.

*Bill in Equity by Sureties on Forfeited Claim Bond, for Injunction of Judgments, and Adjustment of Priorities.*

1. *Forfeited replevy and claim bonds; amount of judgment and execution on.*—Construing *in pari materia* the several statutes relating to summary judgments and executions on forfeited replevy and claim bonds (Code, §§ 3215, 3290–91, 3344), the court holds, that when a claim is interposed by a stranger, and bond given to try the right to property on which an *attachment* has been levied, and the claim suit is decided against the claimant, and the bond returned forfeited, the execution against the obligors should be, as when similar proceedings are had in reference to

[Maas & Block v. Long.]

property on which an *execution* has been levied, for the assessed value of the property, but not exceeding the amount of the plaintiff's judgment, together with the damages and costs; and that execution on a forfeited bond issues for the whole amount of the judgment and costs, without regard to the assessed value of the property, *only* when the property levied on is replevied by the defendant in execution or attachment.

2. *Same; equitable relief to sureties against judgments.*—Three several attachments, in favor of different plaintiffs, having been levied on successive days on the same stock of goods, and a claim interposed in each case by the same person, and bonds given for the trial of the right of property, with the same sureties, and conditioned as required by law; and the claim suits having been decided against the claimant, and judgments recovered by the plaintiffs in each attachment, the aggregate amount of the judgments being more than twice the assessed value of the property, though each judgment was for less than that value; and the bonds being returned forfeited, judgments were rendered against the obligors for the amount of the judgment in each case; *held*, that the sureties on the bond, not being concluded by the judgments, might maintain a bill in equity to adjust the priorities of the attaching creditors, and to settle their liability in the several cases.

APPEAL from the City Court of Selma, sitting in Equity.

Heard before the Hon. JONA. HARALSON.

The bill in this case was filed on the 21st March, 1881, by Jacob Long and Herman Long, against the persons composing the several mercantile firms of Maas & Block, Bernstein & Co., Lienkauff & Strauss, Block Brothers & Co., and against Benjamin F. Long, as the assignee of said Bernstein & Co.; and sought equitable relief against several judgments, which were rendered, according to the allegations of the bill, under the following circumstances: On the 4th December, 1878, Bernstein & Co. sued out an attachment against one Albert Steiner, which was levied by the sheriff, on the same day, on a stock of goods as the property of said Steiner; on the 5th December, Maas & Block sued out an attachment against Steiner, and it was levied by the sheriff on the same stock of goods, which were then in his possession under the former levy; and on the next day, December 6th, Lienkauff & Strauss sued out an attachment against said Steiner, which was levied by the sheriff on the same goods. These attachments were all returnable to then next term of the Circuit Court of Hale county, and were so returned, with the levies thereon indorsed. On the 12th December, 1878, while the goods were in the possession of the sheriff of Dallas county, under the said attachment levies, a claim was interposed to them by Block Brothers & Co., under an alleged purchase from Steiner made on the 3d December, the day before the first attachment was levied; and they made affidavit, and gave bond for the trial of the right of property, with the complainants, J. & H. Long, as their sureties. A claim was interposed, an affidavit made, and a bond given in each of these cases. The bonds are not set out, but the bill alleged that they were "in double

[Maas & Block v. Long.]

the estimated value of the property, payable and conditioned as the law directs ; " and the sheriff thereupon delivered the goods to the said Block Brothers & Co., after having set apart to Steiner $1,000 worth selected by him, which was not included in the sale to Block Brothers & Co., and which he claimed as exempt.

At the ensuing term of the Circuit Court of Hale, on the 17th April, 1879, the case of Maas & Block, plaintiffs in attachment, against J. & H. Long as claimants, being first called, was submitted to a jury, who returned a verdict for the plaintiffs in attachment, finding the property subject to their attachment, and assessing its value at $1,260.22 ; " and thereupon a judgment was rendered by the court, condemning said property to the satisfaction of said attachment ; and a judgment was at the same time rendered by said court against said Steiner, in favor of said Maas & Block, in said attachment suit, for $450.61, besides costs. At the same time, and on the same occasion," as the bill further alleged, judgments were rendered against Steiner, in each of the other attachment cases, as follows : in favor of Bernstein & Co., for $1,162.25, and in favor of Lienkauff & Strauss for $906.46, with costs ; " and at the same time, and upon the same occasion, and as a part of the same transaction, and without any real or formal trial, and by some arrangement to complainants unknown, the record of the court was so made up as to show that a trial was had before the same jury in each of the other claim suits, and that they rendered a verdict in each case, finding the property subject to the attachment, and assessing its value at $1,260.22. Your orators were not present at the said trials of the right of property, or either of them, in person or otherwise, and never consented, directly or indirectly, to any of the proceedings therein, but were utter strangers thereto, and were and continued wholly in ignorance thereof, until executions were issued against the obligors on said bonds, as hereinafter stated."

Block Brothers & Co. took an appeal from the judgment rendered in their claim suit with Maas & Block, and brought the case to this court ; and the judgment was affirmed by this court, during its special November term, 1880, as shown by the report of the case in 65 Ala. 211–14. After the decision of that case, to-wit, on the 24th December, 1880, the sheriff of Hale county returned all the claim bonds forfeited, " by reason of the failure of the claimants to deliver the said property within thirty days after they had failed in the action ; and thereupon the clerk of said court issued an execution against all the obligors in the bond, in the case in which Bernstein & Co. were plaintiffs, and thereby commanded the sheriff to make, out of the property of said Block Brothers & Co. and your orators, the

sum of $1,162.25, damages, and also costs of suit, which said Bernstein & Co. recovered against them, by the judgment of said court, on the 17th April, 1879." The bill alleged, also, that a similar execution was issued, on the 17th February, 1881, on the judgment in favor of Maas & Block, for $450.61, the amount of their judgment against Steiner, and $122.70 costs of suit; "that no execution has ever issued on the bond in the case of Lienkauff & Strauss, but they claim that they are entitled to an execution against all the obligors on said bond, for the amount of their said judgment against Steiner; that said Block Brothers & Co. have no property in this county liable to execution, and the sheriff is about to levy said executions on the property of your orators."

The bill alleged, also, "that no execution has ever issued on either of said judgments against Steiner; that by the consent of all and each of said plaintiffs, and with their knowledge and approbation, no return of forfeiture was ever made on either of said bonds, until on or about the 24th December, 1880; that said Block Brothers & Co., a few days after they had replevied said property, finding that some of it was deteriorating in value, sold a portion thereof; and afterwards, but before said bonds had been returned forfeited, they took the residue of said goods to the sheriff, and offered to deliver the same to him, and to pay the assessed value of those which had been sold, or to pay him the proceeds of those which had been sold by them, in lieu thereof, as he should elect, and deliver to him the residue, as a compliance with the terms and conditions of said bonds; but said sheriff refused to receive any less than the whole amount of said goods, and refused to receive those tendered to him, and afterwards returned said bonds forfeited as aforesaid." It was further alleged in the bill that the goods were in fact not worth the amount at which their value was assessed by the jury, "but said amount is insufficient to pay said debts, and said goods are in fact insufficient in value to pay the amount of the judgment of Bernstein & Co. against Steiner, with the costs of suit, much less the other judgments against Steiner; that the lien of the attachment in favor of said Bernstein & Co. was and is paramount to the liens of the others, and your orators ought not to be held liable for any greater sum than the value of said goods; and they hereby offer to pay the value of said goods as the court may direct," and also the costs of the claim suit.

On these allegations, the bill prayed "that an account may be taken of said goods, and of the value thereof, and of the amount of principal, interest and costs, due on the several judgments against said Steiner, and of the amount which your orators ought to pay, and are justly liable to pay, and that the same

[Maas & Block v. Long.]

may be applied as this court may deem right and proper, and your orators discharged from all further liability on said bonds;" that the judgment and execution in favor of Maas & Block might be enjoined, and for other and further relief under the general prayer.

The presiding judge (as chancellor) overruled a demurrer to the bill for want of equity, and also a motion to dissolve the injunction and dismiss the bill for want of equity; and his decree is now assigned as error.

JAS. E. WEBB, and J. F. JOHNSTON, for appellants.—The bill alleges that the bonds were "payable and conditioned as required by law;" that they were returned forfeited, on account of the principals' failure to comply with the express conditions; and it shows that the judgment and executions were in exact conformity with the provisions of the statute governing such cases.—Code, § 3291. The complainants voluntarily assumed this obligation; they are chargeable with full knowledge of the legal consequences of their acts, and show no good reason why a court of equity should relieve them from those consequences. The claimants might have sued the sheriff in detinue, but they elected to pursue their statutory remedy, and their sureties became bound, in the terms of the statute, for their compliance with the conditions imposed on them by law. The bonds were properly returned forfeited, since no valid reason was shown for the failure to deliver the property.—*Jemison v. Cozens*, 3 Ala. 638. On default being made, the obligors are bound for the amount of the judgment, "without regard to the value of the property."—*Adler v. Potter*, 57 Ala. 572. If the complainants are entitled to any relief, on the facts stated in their bill, they have an adequate remedy at law, by motion to quash, or petition for *supersedeas.*—*Lockhart v. McElroy*, 4 Ala. 572; *Ansley v. Pearson*, 8 Ala. 437; *Del Barco v. Br. Bank*, 12 Ala. 238.

BROOKS & VARY, *contra.* (No brief on file.)

SOMERVILLE, J.—The main question raised in this case is, as to the proper amount for which execution should issue on a forfeited delivery bond, executed by a *claimant* on the trial of the right of property, levied on by process of *attachment.*

The statute is plain, and free from doubt, when an *execution* is levied on personal property, and it is replevied, so to speak, by a claimant, who is not a party to the writ. Section 3344 of the present Code (1876) provides, in such cases, that if judgment is rendered against the claimant, after executing bond on trial of the right of property, and he fail to deliver the prop-

16

erty to the sheriff within thirty days thereafter, to satisfy the
execution of the plaintiff, the sheriff must indorse the bond *for-
feited;* "and the clerk must thereupon issue an execution
against all the obligors therein, for the amount of the judgment
of the plaintiff, if that is less than the value of the property as
assessed by the jury, or *for the amount of such assessed value,*
if less than the amount of the judgment; also, for the damages,
if any were assessed, and the costs of the trial of the right of
property." The amount of such execution, in other words, is
the assessed value of the property replevied by the claimant,
not to exceed, in any event, the amount of the plaintiff's judg-
ment, besides the assessed damages and costs.

Section 3290 of the Code manifestly adopts the same rule in
*attachment* cases, where the property attached is claimed by a
person not a party to the suit. It provides for the giving of
bond, and making affidavit, as in cases of trial of right of prop-
erty when levied on under *execution,* and requires that, upon
the return of the bond and affidavit by the sheriff, with the
writ of attachment, "*the same proceedings must be had as in
other trials of right of property,* except that the sheriff must
return the original attachment to the proper county." The
proceedings required to be had on trials of right of property
are found embodied in sections 3341-3350 of the Code, and re-
late to levies on personal property under executions. Within
this chapter of the Code is included section 3344, the one above
alluded to, as establishing the rule in execution cases. If the
matter rested here, there could be no room for controversy.
The rule in *execution* and *attachment* levies would obviously be
the same.

The difficulty arises from the phraseology of section 3291 of
the Code, as it read before the amendatory act of March 1st,
1881 (Acts 1880-81, pp. 54-55), which was clearly designed to
obviate the apparent, if not actual repugnancy presented. The
latter section reads as follows: "§ 3291. When property re-
plevied, or which has been delivered to a claimant, is not de-
livered with thirty days after judgment against such claimant
and against the defendant in attachment, it is the duty of the
sheriff to return the bond forfeited; and execution must issue
thereon against the principal and sureties on such bond, *for the
amount of the judgment and costs.*" The same statute occurred,
in like words, in the Code of 1867, as section 2966, and in the
Code of 1852, for the first time, as section 2538. It was, no
doubt, an erroneous condensation of previous statutes as made
by the codifiers in their work of abridgment.—See Clay's Di-
gest, 213, §§ 63-64. Be this as it may, we are of opinion, that
the only possible way of giving any reasonable operation to
each of the several sections under discussion, is to limit the

[Maas & Block v. Long.]

rule laid down in section 3291 to replevies of property by *defendants* in attachment, just as section 3215 applies it to defendants in execution; and, in like manner, to apply the rule prescribed in sections 3344 and 3290 only to replevies by *claimants* who are not parties to the writ. This is more in accordance with the spirit of our entire statutory system governing the subject, and better harmonizes with the policy of recent legislation, as shown in the amendatory act of March 1, 1881, *supra*, which, in view of present doubts, may be regarded in the light of legislative construction. This view has the additional advantage of being supported by the highest considerations of natural justice and equity, which should ever constitute beacon lights of judicial interpretation.

Our conclusion is, that when the execution issues on a forfeited claim bond, in cases of this character, involving *trials of the right of property*, it should be for the *assessed value of the property* replevied by the claimant, not to exceed, in any event, the amount of plaintiff's judgment, besides the assessed damages and costs. It is only where the property levied on is *replevied by a defendant* in execution or attachment, that the execution, on a forfeiture of the replevin bond, runs against the obligors for the whole *amount of the judgment* and costs. Code, §§ 3215, 3291. This was the view of the court below, in which we fully concur.

This is, in our judgment, a clear case for equitable relief. There were three several attachments levied on the property in question, and as many forthcoming bonds executed by Block Bros. & Co., for whom the appellees, Long, are sureties. The appellees were not parties to these proceedings, and are not concluded by them. It is necessary to adjust the priorities of the attaching creditors, and to settle in one suit matters of litigation involving a multiplicity of actions at law. To these ends, the powers of a court of equity are alone fully adequate.—*Babcock v. Williams*, 9 Ala. 150.

We find no error in the record, and the decree of the court below is affirmed.