[Cottingham v. Bamberger, Bloom & Co.]

# Cottingham *v.* Bamberger, Bloom & Co.

### Bill in Equity to Enjoin Sheriff.

1. *Obligors on claim bond, liability of.*—If several creditors cause attachments to issue against a person who is the debtor of each, and all the attachments are levied on the same property; and if a claim is made to the property by a person not a party to the attachment suits and a claim bond given, the utmost extent of the liability of the obligors on the claim bond, after judgments in favor of the plaintiffs in the attachment suits and after judgment in the claim suit against the claimant and his failure to return the property levied on and claimed, is the value of the property as ascertained in the claim suit; and if the sheriff attempts to make further levy on property of the claimant or his bondsmen, after the claimant has paid to him on the executions in his hands issued in the attachment suits the full value of the property claimed, he and the plaintiffs in execution will be restrained by injunction.

APPEAL from the Chancery Court of Bibb.

Heard before the Hon. WILLIAM H. TAYLOE.

The Armour Packing Co. and other creditors sued out attachment against E. M. Cottingham & Co. and caused them to be levied on a stock of goods which Cottingham & Co. had sold to J. M. Cottingham and M. A. Suttle. There were four of these attachments and they were sued out and levied at different times but all on the same property.—J. M. Cottingham and M. A. Suttle put in a claim to the goods and gave bond to try the right of property therein. The other facts are stated in the opinion.

J. M. McMASTER and W. W. LAVENDER, for appellant, cited, *Jeffries v. Smith*, 106 Ala. 112; *Halsey v. Murray*, 112 Ala. 185.

LANE & WHITE, *contra*, cited, *Rhodes & Broadfoot v. Smith*, 66 Ala. 174; *Trieste v. Enslen*, 17 So. Rep. 356.

[Cottingham v Bamberger, Bloom & Co.]

HARALSON, J.—The four attachments mentioned in the bill were levied on the same goods, at different times, and have priority of lien according to their respective priorities of levy. The defendant in attachment did not replevy the property under section 555 (2964) of the Code; but, J. M. Cottingham, the complainant, who was not a party to the writs of attachment, interposed a claim thereto and executed a claim bond under section 4141 (3004) of the Code, to try the right of property in said goods. The goods attached were valued by consent of parties at $3,000. Monied judgments were obtained in each of the attachment suits, and a judgment of condemnation of the property levied on was entered in each. There was one claim bond, executed in the sum of twelve thousand dollars, payable to all the attaching creditors jointly, more than four times the value of the goods levied on. The bond, on failure of claimant to return the property within the time required by law, was duly returned forfeited by the sheriff, and execution issued by the clerk of the court in each case against the claimant and his sureties, aggregating in amount more than the value of the property attached. The complainant has paid to the sheriff towards the satisfaction of these executions the sum of $3,995.65, which was sufficient if properly applied, to satisfy all said judgments and costs, except a balance on the judgment of Richardson Brothers & Co., whose attachment was the one last levied.

It is shown, that these several executions have been levied on complainant's lands, and the sheriff has advertised them for sale. This bill was filed to enjoin that sale, and to obtain relief from further liability on said executions.

We have heretofore construed the statutes under which these claims were interposed, and the claim bond executed, holding "that when the execution issues on a forfeited claim bond, in cases of this character, involving trials of the right of property, it should be for the assessed value of the property replevied by the claimant, not to exceed, in any event, the amount of plaintiff's judgment, besides the assessed damages (if any) and costs. It is only when the property levied on is replevied by a *defendant* in execution or attachment, that the execution, on a forfeiture of the replevy bond, runs

[Parker v. Bond.]

against the obligors for the whole amount of the judgment and costs."—*Mass. & Block v. Long,* 70 Ala. 237.

The case of *Jaffray v. Smith,* 106 Ala. 112, is substantially on all fours with the one before us, in which case the court reaffirmed the principles announced in the case above cited, and held that complainants, situated as the one here is, had a standing in a court of chancery for the relief against so manifest an injustice. It is unnecessary to supplement what was said in these cases, so well considered, as we can add nothing by way of elucidation to what is there settled.

The court erred in dissolving the injunction.

Reversed and remanded.