[Hartsell, et al. v. Bibb.]

# Hartsell, *et al. v.* Bibb.

## *Trial of Right of Property.*

(Decided June 2, 1910.   52 South. 642.)

*Execution; Interest Leviable; Mortgages.*—Where chattels are levied on by execution upon a judgment against a mortgagor, and the mortgagee interposes his claim and takes the property under his bond he may leave the chattels in possession of the mortgagor after the law day of the mortgage and recover possession whenever he chooses to do so without creating a leviable interest in the mortgagor based, on the unsufruct of the property; the mortgagor's only responsibility is that the property shall be forthcoming at the end of the suit according to his bond.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

J. A. Hartsell and another recovered judgment against J. W. Bibb, and had execution issued thereon and levied upon certain mules as the property of the defendant in execution, and J. W. Wilhite interposed his claim as mortgagee, and on trial of the right of property there was judgment for the claimant, and plaintiff appeals.   Affirmed.

TIDWELL & SAMPLE, for appellant.   If the law day of the mortgage was postponed by claimant, then plaintiff was entitled to recover the value of the hire of the mule or the value of the use therof from the time of the levy of the execution until the arrival of the law day of the mortgage.—*Harbinson v. Harrel*, 19 Ala. 761. The mortgagor had an equity of redemption and therefore, a leviable interest in the property.—*Davis v. Hubbard*, 38 Ala. 185; 11 A. & E. Enc. of Law, 207; *Heflin v. Slay*, 78 Ala. 183; *Boswell v. Carwile*, 55 Ala. 554.

WERT & LYNNE, for appellee.   No brief came to the Reporter.

SAYRE, J.—Plaintiffs in error procured an execution to be levied upon two mules for the satisfaction of a judgment which they had recovered against Bibb. The mules were in the possession of the defendant. The officer indorsed his return upon the execution as follows: "Executed by levying on one black mare mule and one black horse mule, and one set of harness, as the property of defendant John W. Bibb, this June 15, 1908. This levy was made subject to mortgage or lien of J. W. Wilhite on the above-described property, and only the title and interest of defendant is levied upon." Wilhite interposed his claim under the statute, claiming under a mortgage past due, and took the property upon the approval of a forthcoming bond which he tendered. He then returned the animals to Bibb, who was his tenant, cultivating a crop upon his land. On the trial it was adjudged that the mules were the property of the claimant. The value of the animals was assessed, as was the balance due on the mortgage debt. It was further adjudged that the claimant have and recover of the plaintiffs the amount of the mortgage debt upon plaintiffs taking charge of the property. No objection is taken to the frame of the judgment. It is accepted as a proper disposition of the issues formed under section 6043 of the Code of 1907, as determined by the jury.

Plaintiffs in execution offered to show the value of the use or hire of the animals from the date of the levy to the time of the trial. The insistence is that from the fact that the mortgagor was left in possession of the property after the law day of the mortgage and possesssion was restored to him by the mortgagee upon the execution of the forthcoming bond, the jury might infer that the parties to the mortgage had agreed upon a postponement of the law day, in which event the levy

[Hartsell, et al. v. Bibb.]

of execution effected a lien upon the usufruct of the property from the date of the levy until the arrival of the deferred law day, as well as upon the equity of redemption.. *Harbinson v. Harrell,* 19 Ala. 753, is relied upon. But that case does not sustain the contention. There an execution against the mortgagor was levied upon slaves subject to a mortgage not yet due. After the levy the mortgagee, in advance of the law day and with the consent of the mortgagor, converted the slaves into money. On an accounting between the parties in interest the court held that the mortgagee must account to the execution creditors for the value of the hire of the slaves from the date of the sale to the law day of the mortgage. But there was no reduction of the mortgage debt. On the contrary, the mortgagee was held to be entitled to satisfaction of his debt in full and was held to account for the balance or surplus only. In the case at bar the mortgagee's indefinite indulgence of the mortgagor by leaving the property with him after the law day, which at best was all the evidence relied on by appellant tended to show, did not destroy the former's right to possession whenever he chose to assert it, nor did it create a leviable interest in the mortgage.—*Fields v. Williams,* 91 Ala. 502, 8 South. 808; *Jordan v. Wells,* 104 Ala. 383, 16 South. 23. The only possible purpose of the evidence offered in the case at hand was to reduce the mortgagor's indebtedness to the mortgagee by the value of the use or hire of the animals pending the suit, and thus relieve pro tanto the equity of redemption acquired by the levy of the execution and the proceedings had for the trial of the right of property under the statute. Plaintiff acquired no interest in the property except by the levy of execution. Thereupon the claimant had the right under the statute, whether his mortgage debt was then due or not, to in-

terpose his claim and acquire possession of the property for the protection of his lien or title. This right he exercised. But his possession pending the trial of the right of property, thus acquired, must be considered as the possession of the law.—*McLemore v. Benhow*, 19 Ala. 76; *Rapier v. Gulf City Paper Co.*, 64 Ala. 343. The claimant mortgagee was not responsible for the usufruct of the property pending such possession. His only responsibility was that the property should be forthcoming at the end of the suit according to the terms of his bond. This responsibility was neither extended nor limited by the committal of the property to the mortgagor as his bailee pending the suit. The execution creditor had under the judgment rendered all he was entitled to take by virtue of his levy. There was, consequently, no error in excluding the evidence, nor in refusing the general charge requested by the plaintiff in execution.

Affirmed.

Dowdell, C. J., and Simpson, J., concur. McClellan, J., concurs in the conclusion.