## SPRAGUE AND WIFE vs. DANIELS, ELGIN & CO.

[ACTION AGAINST HUSBAND AND WIFE, ON PROMISSORY NOTE AND ACCOUNT.]

1. *Sufficiency of complaint.*—In an action against husband and wife, under the Code, (§ 1987,) a complaint in these words : " Plaintiffs claim of defendants $551, due by promissory note drawn by said defendants, dated January 17, 1855, and payable sixty days after date, in favor of plaintiffs ; also, the additional sum of $355, due by account, for goods, wares and merchandise, for family supplies sold by plaint'ff to said defendants. at divers times prior to the 1st January, 1855, to 31st January, 1855, inclusive ; which said sums of money, amounting to $906, together with the interest and costs, are due and unpaid,"—shows no cause of action against the wife, and is substantially defective on error, although no objection to it was interposed in the court below.

2. *Judgment reversed and remanded.*—In reversing a judgment on *nil dicit* against husband and wife, because the complaint shows no cause of action against the wife, the appellate court cannot itself render the proper judgment, but will reverse the judgment *in toto*, and remand the cause to the primary court.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE complaint in this case was as follows :

" Lewis Daniels and Armstead M. Elgin, partners under the firm name and style of Daniels, Elgin & Co., plaintiffs, claim of the defendants, Alonzo M. Sprague and Elizabeth C., his wife, $551 56, due by promissory note drawn by said defendants, dated at Mobile, January 17, 1855, for said amount, and payable sixty days after date, at the Bank of Mobile, in favor of plaintiffs; also, the additional sum of $355 85 due by account, for goods, wares and merchandise, for family supplies sold by plaintiffs to said defendants, at divers times prior to the 1st January, 1855, to 31st January, 1855, inclusive; which said sums of money, amounting to $907 41, together with the interest and costs, are due and unpaid."

The summons was issued on the 13th April, 1855, and was executed on both defendants on the 16th April. On the 8th June, a judgment by *nil dicit* was entered against

both the defendants, and a writ of inquiry awarded. The transcript next sets out a "note by the clerk," in these words: "I find the following pleas on the summons and complaint, after the above judgment." The pleas are in these words: "Defendant comes, and pleads payment, set-off, and the general issue, in short by consent;" but the time of filing them is nowhere shown. On the 16th January, 1856, a writ of inquiry was executed, and judgment was entered up for the plaintiffs, against "the defendants," for $971 41, the damages assessed by the jury. From this judgment both the defendants took an appeal on the 4th April, 1856; and they jointly assign as error—1st, "the rendition of judgment by *nil dicit* before the time of imparlance given by the statute had expired;" 2d, "the rendition of judgment by *nil dicit* when there was a plea on file;" 3d, "the proceeding to inquire of damages, as shown in the record, and rendering judgment thereon, as shown;" 4th, "the rendition of judgment when the complaint does not show a sufficient cause of action;" and, 5th, "that an action does not lie, such as is set forth in the summons."

The transcript also contains another judgment, rendered on the 5th June, 1856, by which the former judgment of 16th January was amended, *nunc pro tunc*, so as to make it a judgment on verdict on issue joined between the parties. A motion was made by the appellants, to strike this last judgment from the record, on the ground that it constituted no part of the cause, and was improperly inserted.

GEO. N. STEWART, for the appellants.

O. S. JEWETT, *contra*.

RICE, C. J.—Husband and wife are here jointly sued, upon a note alleged to have been made, and an account alleged to have been contracted by them, *since the Code went into effect*. The case, then, must be determined by the Code, and not by the statute of February 13th, 1850, (Pamph. Acts 1849–50, p. 65,) which was materially different from the Code, so far as a case like the present is concerned. In certain specific cases, the act of 1850

declared, that "the husband shall be severally, and the husband and wife jointly, *liable and suable at law.*"—Henry and Wife v. Hickman, 22 Ala. R. 685; Cunningham v. Fontaine, 25 *ib.* 644. The Code makes no such provision or declaration, but provides as follows: "For all contracts, for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law, *the separate estate of the wife* is liable; to be enforced by action at law against the husband alone, or against the husband and wife jointly."—Code, §§ 1987, 1988.

The authority given by section 1987 of the Code, above copied, for suing the wife, at law, with her husband, is given only as a means of enabling the owner of such a contract as is therein provided for, to subject her separate estate to its payment.—Cunningham v. Fontaine, *supra.* The separate estate here referred to, is that made so by statute. The complaint in this case does not show any contract embraced by that section, nor that the wife has any separate estate. It shows no cause of action whatever against the wife, and no right to make her a defendant in the suit.—Gibson v. Marquis and Wife, 29 Ala. R. 688, and authorities cited *supra.*

The judgment is clearly erroneous, as to the wife; and we do not see how we can withhold a reversal as to the husband. We cannot know that, in executing the writ of inquiry, a larger amount of damages was not assessed, than would or ought to have been assessed, if the wife had not been a defendant. The damages, as assessed, were assessed against both husband and wife. We cannot know how much should have been assessed against the husband, if he had been the only defendant. We cannot, therefore, reverse and render. The only way in which we can give the law its due course, is to reverse the judgment in *toto,* and remand the cause to the court below, in which it may be put in such a condition that right and justice may be administered according to law.—See Hall v. Cannte and Wife, 22 Ala. R. 650; Gibson v. Marquis, *supra.*

Judgment reversed, and cause remanded.