# Oxanna Building Association *v.* Agee.

99  591
121  296

### Bill in Equity to enforce a Vendor's Lien.

1. *Bill in equity against a corporation; proof of service of process.* Before a decree *pro confesso* and final decree can be rendered in a suit in chancery, against a corporation, proof must be made that the person upon whom, as shown by the sheriff's return, the process of summons was served, was the agent of the corporation, or occupied such other relation towards it, as justified the service upon him for the corporation.

APPEAL from the City Court of Anniston, in Equity.
Heard before the Hon. B. F. CASSADY.

The bill in this case was filed by A. P. Agee, as the receiver of the Anniston Savings & Deposit Company, against the Oxanna Building Association and H. S. Jewell; and sought to have a lien enforced upon a certain lot for the payment of the purchase-money of the same. The return of the sheriff upon the summons showed that it was "exe-

[Oxanna Building Association v. Agee.]

cuted by handing the defendant H. S. Jewell a copy of the within on the 20th day of November, 1891, and by hand-, ing a copy to W. S. Larned, secretary and treasurer of the Oxanna Building Association." A decree *pro confesso* was rendered, which recited that "In this cause it appears to the clerk that a summons requiring the defendants, H. S. Jewell and the Oxanna Building Association to plead to or answer the bill of complaint in this cause, within thirty days from the service upon them, was served upon H. S. Jewell by the sheriff of Calhoun county, on the 20th day of November, 1891, and upon W. S. Larned, secretary and treasurer of the Oxanna Building Association, on the 28th day of December, 1891; and that said defendants having failed to plead," &c. Final decree was rendered, in which the chancellor held that the complainant was entitled to the relief prayed for. The defendant, the Oxanna Building Association, brings this appeal, and assigns as error the rendering of the decree *pro confesso* and the final decree without proof that W. S. Larned was the secretary and treasurer of the Oxanna Building Association at the time of service upon him.

SAVAGE & COLEMAN, for appellant, cited, *Manhattan Ins. Co. v. Fowler*, 76 Ala. 372; *Lyon v. Lorant*, 3 Ala. 151.

BLACKWELL & KEITH, *contra*.

HEAD, J.—A decree *pro confesso* and final decree were rendered against appellant, a corporation, on service of the summons upon "W. S. Larned, Sec'ty and Treas'r of defendant," without proof being made to the court that Larned was such officer at the time of the service. The decree is reversed and cause remanded. See *Oxanna Bldg. Association v. Agee, Rec'r, ante p.*

Reversed and remanded.