# Southern Home B. & L. Association *v.* Gillespie.

*Bill in Equity Against a Corporation.*

1. *Service against corporations; how made.*—It is error to render final decree on a decree *pro confesso* against a corporation without evidence that the person on whom service was made was such officer or agent of the defendant as by law was authorized to receive service of process for and in behalf of the defendant, and the fact that this proof was made must appear in the decree or record.

APPEAL from Morgan Circuit Court sitting in Equity. Heard before the Hon. H. C. SPEAKE. The facts are stated in the opinion.

CABANISS & WEAKLEY and HARRIS & EYSTER, for appellant, cited, *Oxanna Bldg. Ass'n v. Agee*, 99 Ala. 591; *Lyon v. Lorant*, 3 Ala. 151; *Norwood v. Riddle*, 1 Ala. 195; *Wetumpka &c. Co. v. Cole*, 6 Ala. 655; *So. Ex. Co. v. Carroll*, 42 Ala. 437; *M. & C. R. R. Co. v. Whorley*,

74 Ala. 264; *Man. Fire Ins. Co. v. Fowler,* 76 Ala. 372; *Independent &c. Ass'n v. American &c. Ass'n,* 102 Ala. 475.

M. E. MATTHEWS, *contra.*

HARALSON, J.—A decree pro confesso and a final decree were rendered against the defendant corporation in the court below, appellant here, on service on "C. Collins agent for defendant," without proof being made to the clerk and register before entering the decree *pro confesso,* or to the court, before rendering final decree, that said Collins was an agent of the corporation at the time of the service. Neither the decree *pro confesso,* nor the final decree in the cause recited the fact that such proof had been made. We have always maintained that to authorize a judgment by default against a corporation, the record or judgment entry must recite the fact that proof was made to the court that the person on whom the process was served, was at the time of service such an officer or agent of the defendant as by law was authorized to receive service of process for and in behalf of the defendant.—*Norwood v. Riddle,* 1 Ala. 195; *Oxanna Building Association v. Agee,* 99 Ala. 591; *M. Ins. Co. v. Fowler,* 76 Ala. 372; *Ind. P. Co. v. A. P. Asso.,* 102 Ala. 475.

Reversed and remanded.