# Spurlin Mercantile Co. *v.* Lauchheimer & Sons.

## *Assumpsit.*

(Decided Feb. 11, 1909.  48 South. 812.)

*Judgment; Default Judgment; Corporation; Recitals.*—A judgment by default against a corporation must show the fact that proof was made to the court and that the court ascertained that the person on whom process was served was such an officer or agent of the corporation as by law was authorized to receive service of process for and on behalf of the corporation.

APPEAL from Andalusia City Court.

Heard before Hon. B. H. LEWIS.

Assumpsit by M. H. Laucheimer & Sons against the Spurlin Mercantile Company.  There was a default judg-

ment for plaintiffs, and defendant appeals. Reversed.

The summons and the complaint were issued to and filed against the Spurlin Mercantile Company, a corporation, and the judgment was by default; the judgment entry being as follows: "Come the plaintiffs, in person and by attorney, and, the defendant being called, came not, but made default; and upon motion of the plaintiffs it is considered and adjudged that the plaintiffs have judgment against the defendant for the amount of their damages; and, the amount of the damages being certain, it is thereupon considered and adjudged by the court that the plaintiffs have and recover of the defendant the sum of $71.25, and the costs of this suit, for which let execution issue."

PARKS & RANKIN, for appellant. The judgment rendered was erroneous for the following reasons:

*First.* The complaint was filed against a corporation, and judgment was rendered by default, and the judgment fails to recite that proof was made that the service of the summons and complaint was made upon a proper officer or agent of the corporation.—121 Ala. 295, and cases cited thereunder.

*Second.* The complaint shows that the suit was on an open account and that the account sued upon was duly verified by affidavit; there was a judgment by default against the defendant corporation, and the judgment fails to recite that the verified statement of account sued on was on file, or that it was introduced in evidence, and it further fails to show that a writ of inquiry was executed. Citing Code 1907, Section 3971, *Greer & Walker et al v. Lippfert Scales Company,* 47 Sou. Reporter; and 76 Ala. 372.

S. H. GILLIS, for appellee. No brief came to the Reporter.

ANDERSON, J.—It has been often held by this court that, to maintain a judgment by default against a corporation, the record or judgment entry must recite the fact that proof was made to the court that the person on whom process was served was at the time of service such an officer or agent of the defendant as by law, was authorized to receive service of process for and in behalf of the defendant.—*Southern Home Co. v. Gillespie*, 121 Ala. 295, 25 South. 564, and cases cited. The judgment entry discloses no such fact in the case at bar, nor does it appear elsewhere in the record. Yet the defendant is sued as a corporation.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.