(104 So. 913)

## Ex parte AMERICAN MINE OWNERS MUTUAL, Inc., et al. (6 Div. 486.)

(Supreme Court of Alabama. June 25, 1925.)

Certiorari to Court of Appeals.

Percy, Benners & Burr, and Salem Ford, all of Birmingham, for petitioners.

W. F. Finch, of Lake Worth, Fla., opposed.

BOULDIN, J. Petition of the American Mine Owners Mutual, Inc., and Summit Coal Company for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case of Ex parte Am. Mine Owners Mutual, Inc., et al. (Re Stewart v. Am. Mine Owners Mutual, Inc., et al.), 20 Ala. App. 647, 104 So. 912.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

(104 So. 900)

## Ex parte George E. GAY. (7 Div. 565.)

(Supreme Court of Alabama. May 7, 1925. Rehearing Denied June 25, 1925.)

Certiorari to Court of Appeals.

See, also, 20 Ala. App. 650, 104 So. 895; ante, p. 5, 104 So. 898.

Goodhue & Lusk, of Gadsden, for petitioner.

C. H. Roquemore, of Montgomery, opposed.

PER CURIAM. Writ denied. All the Justices concur, except GARDNER, J., who dissents.

GARDNER, J. Upon former consideration of this cause (Ex parte George E. Gay, 104 So. 898 [1]), this court held that the order denying the motion to set aside the judgment nil dicit would not support an appeal, nor was it assignable as error on appeal from the judgment nil dicit. The remedy was by mandamus as there stated. The Court of Appeals, upon remandment of the cause to that court, construed the opinion of this court to the effect that mandamus could now be resorted to in this particular cause under conditions here presented, and opinion was rendered to the effect that the writ may issue to have the judgment set aside. 104 So. 899.[2] To review this opinion and ruling, this petition for certiorari is filed.

I am of the opinion the fundamental error of the court consists in a failure to give due force and effect to the fact that by appeal the cause no longer is pending in the court below. The appeal was from the judgment nil dicit and also from the order or judgment there denying the motion. A judgment nil dicit will support an appeal. Section 6079, Code 1923; Dinsmore v. Hand, Minor, 126; Sprague v. Daniels, 31 Ala. 444; Spurlin Merc. Co. v. Lauchheimer, 159 Ala. 512, 48 So. 812; Ex parte Fla., etc., Co., 201 Ala. 97, 77 So. 391. By such an appeal the cause was removed from the trial court to the Court of Appeals.

In McLaughlin v. Beyer, 181 Ala. 427, 61 So. 62, speaking of the effect of an appeal to the higher court, this court said: "Thus appellant, by her own act, had removed the case wholly and absolutely from the trial court into this court. The effect of this appeal was to cause the trial court to lose all jurisdiction and control of the case pending the appeal to this court. * * * The case cannot be pending in both courts at the same time."

The case here presented clearly presents no exception to this general rule. The cause was completely removed to the Court of Appeals by virtue of the appeal from the judgment nil dicit. It is no longer pending in the court below, either in whole or in part. The cause has been removed by the appeal "wholly and absolutely" from the trial court. In view of this situation, therefore, I am unable to see how mandamus will lie to direct the trial court to grant a motion to set aside the judgment in a case that is no longer pending in that court. The cause certainly is not pending in both the trial and appellate court at the same time. McLaughlin v. Beyer, supra. The cause on appeal from the judgment nil dicit is under submission in the Court of Appeals, and the authority in that court, in my opinion, is to reverse or affirm the judgment (Vandiver v. American Can Co., 190 Ala. 352, 67 So. 299), so long as that appeal and submission stand.

I am of the opinion there is no authority to thus hold the appeal on the judgment nil dicit in abeyance, under the circumstances here shown, pending the consideration of the mandamus proceeding to have set aside such judgment in the lower court, when by the appeal from such judgment the cause has been entirely removed from that court to the Court of Appeals.

Moreover, I am of the opinion, in any event, under the authority of Cornelius v. Moore, 208 Ala. 237, 94 So. 57, the application for mandamus comes too late.

Being fully convinced, therefore, that the Court of Appeals was in error in holding mandamus would lie under the circumstances here presented, I respectfully dissent.

---

[1] Ante, p. 5.

[2] 20 Ala. App. 531.