# Hayes *v.* Solomon.

*Action on Promissory Note, with Common and Special Counts.*

1. *Exception to charge; when reserved.*—An exception to a charge given must be reserved before the jury leave the bar (Code, § 2758), and it comes too late when they return and ask further instructions.

2. *Motion in arrest of judgment, on account of defective count in complaint.*—A motion in arrest of judgment, on account of one defective count in the complaint, can not avail, when another count is good and sufficient (Code, § 2835), and there is a general verdict for the plaintiff.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

This action was brought by E. Solomon, against James F. Thomas and James M. Hayes, and was commenced on the 14th May, 1885. The original complaint contained a single count, on two promissory notes for $282.70 each, executed by said Thomas to plaintiff, dated the 7th March, 1884, and payable sixty and ninety days after date respectively, each of which, it was alleged, contained a waiver of exemptions; and, as showing the liability of the defendant Hayes, the count further alleged, "that said notes were executed by said Thomas for goods and merchandise bought by him from plaintiff, for his business at Lincoln, Alabama; that said J. M. Hayes, after

[Hayes v. Solomon.]

said goods were received by said Thomas, purchased an interest in said business as a partner, and agreed with said Thomas to be jointly liable to plaintiff with him for the price of said goods; and that said Hayes, since the execution of said notes, has promised plaintiff to pay the same, and did pay $50 on account of said indebtedness, which is credited on one of said notes." To this complaint separate pleas were filed by the defendants: by Thomas, (1) claiming credits which had not been entered on the notes, (2) set-off, and (3) recoupment; and by Hayes, (1) the general issue, and (2) a special plea of *non set factum.* Issue was joined on these pleas, and a trial was had on the 23d July, 1889, which resulted in a verdict and judgment for plaintiff, for $470.

Before the trial, the plaintiff was allowed to amend his complaint, by adding another count, as follows: "(2.) Plaintiff claims of defendants the further sum of $282.70, with interest from May 6th, 1884, and also the further sum of $282.70, with interest from June 5th, 1884, both amounts being due to plaintiff from defendants for goods and merchandise sold by plaintiff to said J. F. Thomas, on, to-wit, March 7th, 1884. And plaintiff avers that said Thomas purchased said goods, which consisted of a stock of liquors, from plaintiff, and placed them in his store in the town of Lincoln, Alabam; that shortly after said goods were so purchased, and while they were yet in the possession of said Thomas in his store-house, and before they had been used or disposed of, said defendants entered into a partnership to sell liquors and other merchandise in that line, under the firm name and style of J. F. Thomas & Co.; that at the time of forming said partnership, and as a part of the consideration thereof, said Hayes agreed with said Thomas that he would become jointly liable with him for the amount due plaintiff as aforesaid, and that said amount should be paid by said firm out of the proceeds of the goods sold by them; and plaintiff avers that he did pay a portion of the same, to-wit, $50, in January, 1885. Plaintiff further avers that, in consideration of said agreement by said Hayes, whereby he became jointly liable with said Thomas for the amount due to plaintiff as aforesaid, said Thomas placed said goods in the possession of said firm of J. F. Thomas & Co., as the property of said firm, and the proceeds of the sale of said goods were received by the said partnership."

A motion in arrest of judgment was made by the defendant Hayes, on these grounds: "(1.) Because the complaint contains a count upon promissory notes, which contain a waiver as to personal property, and a count upon a promise by Hayes to Thomas to become jointly liable on the formation of the

partnership. (2.) Because an action on a note containing a waiver can not be joined with a count upon an open account, or a promise made orally, as appears from the record in this case. (3.) Said causes of action can not be joined, being separate and distinct causes of action." The court overruled the motion in arrest, and its judgment is here assigned as error, together with a charge given, to which an exception was reserved under the circumstances stated in the opinion.

E. H. HANNA, for appellant, cited *McCrummen v. Campbell*, 82 Ala. 566; *Glass v. Glass*, 76 Ala. 368; *Guice v. Thornton*, 76 Ala. 471.

KNOX & BOWIE, *contra*, cited *Hall v. Mason*, 30 Ala. 599; *Hurst v. Terrell*, 76 Ala. 588.

CLOPTON, J.—The court having given a general charge, to which no exception was taken at the time, the jury retired to consider their verdict. After remaining but a short time, they returned, and asked further instructions, which the court gave; and while the jury were in the act of retiring the second time, defendant excepted to a part of the general charge given in the first instance. Section 2758 of the Code prescribes; "Either party in any civil case, during the trial of the cause, may reserve by bill of exceptions any charge, opinion or decision of the court touching the cause of action, which would not otherwise appear of record." Under the statute, the rule recognized in practice has been, that the exception must be taken before the jury leave the bar.—*City Council of Montgomery v. Gilmer*, 32 Ala. 116; *Reynolds v. State*, 68 Ala. 507. The exception came too late.

The motion in arrest of judgment was based on the ground, that one count in the complaint is insufficient and defective for reasons specially assigned. Whether judgment should be arrested because of amendable defects in the complaint, it is not necessary to decide. The finding of the jury was general. Since the statute of 1824, of which section 2835 of the Code is a substantial re-enactment, a general finding, when the complaint contains good and bad counts, has been referred to the good counts. That section provides: "No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contains a substantial cause of action." It is not controverted, that one of the counts in the complaint sets forth a substantial cause of action; and the defective count was not previously objected to. The motion was properly overruled.

Affirmed.