[Carter v. Tenn. C. I. & R. R. Co.]

# Carter *v.* Tenn. C. I. & R. R. Co.

## *Ejectment.*

(Decided January 23, 1913. 61 South. 65.)

1. *Appeal and Error; Assignments; Writing.*—In view of the provisions of section 1, Code 1907, assignments of error required by rule 1, Supreme Court Practice, to be written on the transcript are sufficient if they are typewritten.

2. *Same; Harmless Error; Evidence.*—If it was error to permit a witness to designate a lost paper as a deed, it was rendered harmless by subsequent undisputed proof of its contents showing it to be a deed.

3. *Trial; Exceptions; Charges.*—Exceptions to the oral charge of the court will not be considered where it does not affirmatively appear that they were reserved before the jury retired.

4. *Witness; Procuring Attendance.*—Under the provisions of section 4045, Code 1907, the court was not in error in denying an application for the personal attendance of a witness who was shown to be out of the State.

5. *Evidence; Filing Papers.*—The court was not in error in overruling objections to testimony of a witness that a deed was filed for record, but that he was not positive whether it was filed by himself or by his assistant, where he also testified that he afterwards saw and examined it in the probate office after it had been filed.

6. *Same; Secondary; Proof of Lost Instrument.*—Where a witness testified that a deed was filed in the probate office and that he had not subsequently had possession of it and there was evidence that the clerk in the probate office, who receipted for it, and the probate judge, searched for it among the papers left for record without being able to find it, secondary proof of the instrument was not rendered inadmissible merely because another clerk in the probate office, not shown to have had custody or control of it, was not examined as to his knowledge of its whereabouts.

7. *Vendor and Purchaser; Constructive Notice; Filing Deed.*—A deed filed in the probate office for record was constructive notice to subsequent purchasers, although, because of its subsequent loss in the office, it was not recorded.

8. *Ejectment; Instructions.*—A charge that if the heirs of the former owner of land conveyed it to the grantor of plaintiff before they made a deed to the grantor of defendant, defendant's grantor did not get any title and therefore could not convey any, was proper, the action being ejectment.

9. *Same.*—A charge in ejectment that the burden was on the plaintiff to show that he bought the land from a party in possession, or having the legal title was correct.

[Carter v. Tenn. C. I. & R. R. Co.]

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Ejectment by the Tennessee Coal, Iron & Railway Company against J. W. Carter. Judgment for plaintiff, and defendant appeals. Affirmed.

Before announcing his readiness, defendant filed his application to have the personal attendance of witnesses whose depositions had been previously taken by plaintiff, among them Howard Lamar; and, it being shown that he was out of the state, and had not been subpœnaed, the court overruled the application. The appellant complains that the court erred in overruling his objection to that part of Howard Lamar's deposition that this deed was filed for record in the probate judge's office on September 30, 1907, the filing being made by the Tennessee Coal, Iron & Railway Company, but that he was not positive as to whether the deed was filed by himself or Mr. Wall, who was assisting him in his work, and that the court was in error in overruling the objections to a part of Lamar's depositions, relative to having made a written report on the title of the land, marked "Exhibit A." A part of Exhibit A was also objected to; but it appears from the opinion that Exhibit A was never offered. Plaintiff claims through a deed from Henry Ferguson to E. W. Cole, trustee, from Cole, trustee, to the Townley Coal & Coke Company, from the Townley Coal & Coke Company to Burlin & Adams, from Burlin & Adams to the Sheffield Coal, Iron & Steel Company, and from the Sheffield Coal, Iron & Steel Company to the Tennessee Coal, Iron & Rail way Company. The land was entered and patented by Elijah Roberts, who, in 1860, conveyed to A. J. Boshell; and the only break in the title was from Boshell to Ferguson, and this is supplied, or attempted to be supplied, by testimony showing that the heirs of Boshell

had in fact conveyed the land to Ferguson prior to the time he sold to Cole, as trustee. Carter claims title through deeds executed to him by J. B. Powell, who received a deed from G. W. Powell, and that G. W. Powell had received a deed from J. B. Boshell and others, who are the heirs of A. J. Boshell; the last deed having been executed November 21, 1908. The deed from the Boshell heirs to Ferguson was alleged to have been executed on September 14, 1887, and filed for record September 30, 1907, and lost.

The charges given for plaintiff were as follows:

(1) "I charge you that, if you believe from the evidence that the heirs of A. J. Boshell had conveyed the land to Henry Ferguson before they made a deed to G. W. Powell, then Powell did not get any title from them, and did not have title when he conveyed to J. B. Powell, and J. B. Powell did not have title when he conveyed to J. W. Carter, and could not convey legal title to said Carter."

(2) "I charge you that if you believe from the evidence that the heirs of A. J. Boshell executed a conveyance of the land to Henry Ferguson on September 9, 1887, and that the deed was filed for record in the probate judge's office on September 30, 1907, you will find a verdict for the plaintiff for the lands sued for."

(3) "I charge you that the burden is on the defendant to show that he bought the land from a party in possession of it, or having the legal title to it."

(6) Same as 2, except that it sets out the names of the heirs of A. J. Boshell.

GUNN & POWELL and BANKHEAD & BANKHEAD, for appellant. Appellant was entitled to the personal attendance of the witness Lamar.—Section 4045, Code 1907. The statement of the witness that the deed was

filed for record was a conclusion.—*Ward v. Shirley,* 131 Ala. 568. The statement showed conclusively that the witness did not know of his own knowledge who filed the deeds.—*Moore v. Penn & Co.,* 95 Ala. 200; *Davis v. Arnold,* 143 Ala. 228. The court erred in admitting secondary evidence of the contents of the deed as it was not shown that all those in the probate office had made a search for the deed.—*Huggins v. Sou. Ry. Co.,* 159 Ala. 189. The court erred in its oral charge. —*Hooper v. Straham,* 71 Ala. 75; *Sou. Ry. Co. v. Hall,* 145 Ala. 224; *Wynn v. Rosette,* 66 Ala. 517. Counsel discuss other assignments of error in the light of the above authorities with the insistence that they should be sustained.

A. F. FITE, for appellee. The assignments of error are typewritten on the transcript in violation of Rule 1, Sup. Ct. Practice, and therefore should not be considered. The court was not in error in not requiring the personal attendance of the witness as it appeared that he was out of the State. It was therefore not error to permit an introduction of the interrogatories propounded to such witness and the exhibits thereto attached.—*Sou. Ry. Co. v. Wilson,* 138 Ala. 510; *Potts v. Coleman,* 86 Ala. 94; *Elliott v. Dyck,* 78 Ala. 154. It was competent for the witness to state that the paper was a deed.—*Driver v. King,* 40 South. 315; *Barron v. Barron,* 122 Ala. 209; *Lasseter v. Blackwell,* 128 Ala. 148. In any event if it was error it was without injury as the subsequent undisputed proof of its contents demonstrated that it was a deed. Exceptions to the oral charge of the court must be taken before the jury retires and this must affirmatively appear.—*Moore v. State,* 40 South. 345; *Tice v. The State,* 57 South. 506. The filing of a deed for record is notice of the deed even

[Carter v. Tenn. C. I. & R. R. Co.]

though the probate judge failed to do his duty in re-
cording it.—*Alabama C. & C. Co. v. The Gulf C. & C.
Co.,* 54 South. 686. There was no error in the charges
given for the plaintiff.—*Hooper v. Straham,* 71 Ala.
79; *May v. Wilkinson,* 76 Ala. 573; *Wood v. Holly Mfg.
Co.,* 100 Ala. 350; *Webb v. Elyton Land Co.,* 165 Ala.
483.

ANDERSON, J.—We are not impressed with the
suggestion of appellee's counsel that the assignment of
errors does not conform to rule 1 (20 South. iv), be-
cause made with a typewriter instead of being written.
Section 1 of the Code, among other things, says, "Writ-
ing includes printing on paper." We therefore hold
that, when errors are assigned in the proper place on
the record, the fact that it is done with a typewriter
is to be commended rather than criticised.

Section 4045 of the Code of 1907 provides for the
personal attendance of a witness, even after his deposi-
tion has been taken, under the conditions therein pre-
scribed, and for the suppression of the deposition when
the witness has been subpoenaed, etc. It appears that
when the demand was made for the personal attendance
of the witness Lamar he was out of the state, and could
not then be reached with a subpoena, and the trial court
therefore did not err in refusing the appellant's motion.

The court excluded, upon the preliminary motion, all
of Exhibit A to Lamar's deposition, except a small
portion of same; but it does not appear that any of
Exhibit A was ever offered by the plaintiff. It offered
the deposition and Exhibit B thereto.

The witness Lamar testified that he would not be
positive whether the deed from Boshell et al. to Fergu-
son was actually filed in the probate office by himself
or Wall, but he also stated that he knew it was filed,

as he saw and examined it in the probate office after it had been filed; so it mattered not whether he or Wall made the physical delivery, as they were associated together, and he is positive that one of them took it to the office.

We think a sufficient predicate was laid as to the loss of the deed to admit secondary proof of same. Lamar and Wall last traced it into the probate office and disclaimed the subsequent possession of same, and searches were made where papers left for record were kept by one of them and Mrs. Palmer, the clerk who rceipted for same, and again by one of them and the probate judge. There may have been another clerk in the office, but the deed had never been traced into his custody or control; and we cannot say that the predicate was insufficient, because he, too, was not examined, and disclaimed any knowledge of its whereabouts. This holding is not in conflict with the cases of *Huggins v. So. R. R. Co.,* 159 Ala. 189, 49 South. 299, and *Abingdon Mills v. Grogan,* 167 Ala. 148, 52 South. 596. In those cases the proof did not show a search by the party with whom it was left or of the last place to which it was taken. We did not hold that the search had to be made by every person connected with the last place to which the lost paper had been taken or was left.

It may be that the witnesses Wall, Ferguson, Kimbrell, and Boshell should not have been permitted to designate the instrument involved as a deed; but this ruling, if error, was cured by the subsequent undisputed proof. The document was traced from the grantors to Ferguson, the grantee, and through him to Lamar, and its contents were proven, and which showed it was a deed.

Assignment of error 20 refers to the deed from the Alabama company to Adams & Burlin. The record

[Carter v. Tenn. C. I. & R. R. Co.]

discloses no objection to the introduction of this deed; and, whether it was properly acknowledged or not, it was a valid link in the plaintiff's chain of title, as the acknowledgment was sufficient as an attestation, and to save it as a deed.

The exceptions to the oral charge cannot be considered, as it does not affirmatively appear that they were reserved before the jury retired.—*Moore v. State,* 146 Ala. 687, 40 South. 345; *Tice v. State,* 3 Ala. App. 164, 57 South. 506, and cases there cited.

The parties claimed title under Boshell, as a common source, and if his widow and heirs conveyed the land to Ferguson before making the deed to defendant's grantor Powell they had no title to the land, when executing said deed to Powell; and if said deed to Ferguson was filed in the probate office for record, whether subsequently recorded or not, the filing of same was sufficient protection to Ferguson and his grantees, as constructive notice of said deed.—*Chapman v. Johnson,* 142 Ala. 633, 38 South. 797, 4 Ann. Cas. 559; *Eufaula Bank v. Pruett,* 128 Ala. 470, 30 South. 731.

There was no error in giving the plaintiff's requested charges. We have considered all of the assignments of error that have been properly insisted upon in brief of counsel, whether discussed in the opinion or not, and we find no reversible error in the rulings of the trial court; and the judgment is accordingly affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.