# Oil Well Supply Co. v. West Huntsville C. M. Co.

### Assumpsit.

(Decided January 8, 1917. 73 South. 899.)

1. **Corporations; Contracts by; Evidence.**—An order for goods, written upon stationery of the corporation and signed "Pratt, President" is not conclusive evidence that the order was for the corporation.

2. **Evidence; Similar Transaction; Knowledge.**—On the question whether or not the seller knew that goods were ordered for a corporation other than the defendant corporation, a letter from the seller to the president of both corporations relating to other goods, is admissible in connection with other evidence to show that the seller knew of the existence of both corporations and that the president of the first was also president of the second.

3. Same.—On the question whether the seller knew that goods were ordered for another, a letter giving notice that the goods were ordered for such other is admissible.

4. Pleading; Verification.—Where the order did not purport to be signed by the defendant or any one for him, such defendant is not precluded from denying a count upon such order because his plea was not verified.

5. Charge of Court; Directing Verdict.—Where a count is supported by ample evidence a charge eliminating such count from the consideration of the jury is erroneous.

6. Corporation; Contracts; Officers.—If the president of a corporation receives goods knowing that they are intended for the corporation but turns them over to another corporation of which he is also president, the first corporation is liable for the acts of the president on a count for goods sold and delivered, notwithstanding the order by the president was intended for the latter corporation.

7. Appeal and Error; Review; Presentation, Below.—Where the record does not disclose that an exception to the oral charge of the court was taken in open court in the presence of the jury and before they retired, such exception will not be considered on appeal.

APPEAL from Madison Law and Equity Court.

Heard before Hon. J. H. BALLENTINE.

Assumpsit by the Oil Well Supply Company against the West Huntsville Cotton Mills Company. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Transferred from the Court of Appeals under Acts 1911, p. 450.

DAVID A. GRAYSON and M. U. GRIFFIN, for appellant. COOPER & COOPER, for appellee.

ANDERSON, C. J.— (1-4) While the order was written upon the letter head of the West Huntsville Cotton Mill Company and signed by Pratt as president, the order was not signed by said West Huntsville Company, or by Pratt as president of said company, and the only thing to indicate that the order was for said company was the use of its stationery and the fact that Pratt was president of said company, and this was not conclusive that the order was for the said West Huntsville Company. There was proof that there was a New York & Alabama Oil Company of which Pratt was president, that the appellant had previous dealings with this company, and had in fact received notice, prior to the shipment of the articles here involved, that they were ordered by and for the New York & Alabama Oil Company. Therefore it was a question for the jury as to whether or not the order was sent in for the appellee or the New York & Alabama

Oil Company, and whether or not the appellant knew that the goods were ordered for and intended to be used by said New York & Alabama Company. The trial court did not err in admitting the letters and telegrams covering the transaction. The letter of November 10, 1911, from the appellant to Pratt as president of the New York & Alabama Company related to other goods, and no way tended to show that the present order was for said New York & Alabama Company, but it was admissible, in connection with the other evidence, to show that appellant knew of both companies, and knew that Pratt was president of both of them. The letter of November 13, 1911, signed by Pratt as president of the New York & Alabama Company, was properly admitted in evidence, as it was a question for the jury as to whether or not appellant received it before the shipment of the goods, and whether or not it put it on notice that the goods were being purchased for the New York & Alabama Company or the West Huntsville Company. While the second count was upon an order given by the defendant, we do not think that the defendant was precluded from denying the order without a verified plea, as the order did not purport to be signed by the defendant, or by any one for it.

(5, 6) We think, however, that the trial court erred in the rulings as to the first count, as there was plenty of evidence from which the jury could infer that the appellant made the sale to the appellee, and from which the jury could also infer that Pratt knew that the sale was intended to be made to the appellee, and not the New York & Alabama Company, and if he, as president of both companies, received the goods which he knew were intended for appellee and turned them over to the New York & Alabama Company the appellee would be liable for his act, and upon an account for goods sold, notwithstanding the order, when made by Pratt, was intended for the New York & Alabama Company. Nor do we think that the letter from Pratt of November 13th, signed as president of the New York & Alabama Company, was conclusive of the fact that the order there referred to was for said New York & Alabama Company. Moreover, it was a question for the jury as to whether or not the appellant received it before the shipment of the 15th, or if it had time to cancel the same.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

[Dancy, et al. v. Alabama Power Co., et al.]

UPON REHEARING.

ANDERSON, C. J.—(7) In reversing this case because of so much of the oral charge, which practically eliminated count 1 from the case, the fact was not suggested in brief, and was not noticed by the court, that the record does not affirmatively disclose that the exception to the said oral charge was taken in open court, in the presence of the jury and before the jury retired. Therefore the action of the court in this respect cannot be considered.—*Carter v. Tenn. Co.,* 180 Ala. 367, 61 South. 65, and cases there cited. The rehearing is granted, the judgment of reversal set aside, and the case is affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.