(82 South. 516)

SOUTHERN RY. CO. v. CLARKE et al.
(1 Div. 93.)

(Supreme Court of Alabama.    April 10, 1919.
On Rehearing, June 30, 1919.)

1. TRIAL  ☞252(2)—INSTRUCTIONS—SUPPORT
BY EVIDENCE.

Instructions requested on a theory of the
case unsupported by the evidence were properly
refused.

2. EMINENT DOMAIN ☞303—CONVERSION OF
EARTH BY RAILROAD—DAMAGES.

The measure of damages to landowners for
the conversion by a railroad, which had con-
demned right of way across their premises, of
soil taken therefrom, is the value of the soil at
the place of conversion, that is, the place where
it was first appropriated to an unlawful use,
and not at the time and place of its severance.

3. APPEAL AND ERROR ☞501(4)—RECORD—
EXCEPTIONS TO CHARGE—SEASONABLE TAK-
ING.

Where the record fails to show that excep-
tions to portions of the oral charge were sea-

sonably taken before the jury retired, they can-
not be sustained.

4. WITNESSES ☞268(13) — CROSS-EXAMINA-
TION—VALUE OF DIRT.

In an action by landowners, through whose
premises a railroad had condemned right of
way, for conversion of earth, etc., by the rail-
road, cross-examination of the landowners' wit-
ness as to whether dirt he had testified about
as hauling for people for one dollar and a half a
load was not most of the time given him for
nothing, etc., held relevant to a vital issue or to
impeach the witness' direct testimony.

5. EMINENT DOMAIN ☞296 — ACTION BY
OWNER—CONVERSION OF EARTH ON RIGHT
OF WAY—EVIDENCE.

In an action by landowners, through whose
premises a railroad had condemned right of
way, for conversion of earth, etc., by the rail-
road, it was competent for the railroad to ask
its witness on his rebuttal examination if dirt
was often given away in the county to any one
who would haul it off.

6. WITNESSES ☞240(1) — EXAMINATION —
LEADING QUESTION.

Defendant's leading question to its own
witness on his examination in rebuttal was
properly excluded.

7. EMINENT DOMAIN ☞298—CONVERSION OF
EARTH—VALUE—EVIDENCE.

In an action against a railroad for conver-
sion of earth, etc., taken from a right of way
it had condemned, testimony as to the value of
the land involved an acre was logically and le-
gally relevant to the question in issue, the value
of the earth taken, and therefore erroneously
excluded.

8. ACTION  ☞57(2) — CONSOLIDATION — DIF-
FERENT PARTIES.

The right of consolidation of several suits
under Code 1907, § 5358, is applicable only to
causes of action pending between identical par-
ties, and not to those pending between a single
defendant and plaintiffs' cotenants for conver-
sion of earth, etc.

9. REMOVAL OF CAUSES ☞74—FEDERAL JU-
RISDICTION—AMOUNT—RIGHT TO SUE SEV-
ERALLY—MOTIVE.

Though plaintiffs and their cotenants orig-
inally brought a joint action for an amount
within federal jurisdiction, they could also treat
the injury to their undivided interests as sepa-
rate causes of action, and prosecute their claims
in severalty, and, if, in the lawful exercise of
such right, the claim sued for by plaintiffs be-
came less than the amount required for federal
jurisdiction, plaintiffs' motive in thus suing sev-
erally is irrelevant.

On Rehearing.

10. EMINENT DOMAIN ☞318 — CONDEMNA-
TION OF RIGHT OF WAY—USE OF EARTH.

A railroad which condemns a right of way,
if not otherwise restricted, is authorized to use
the materials found thereon, such as timber,
earth, gravel, and stone, for the construction
and maintenance of its roadway at any point

━━━━━━

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thereon within the limits of its projected line as specified in the condemnation proceeding.

Mayfield and Somerville, JJ., dissenting in part.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Norborne R. Clarke and others, executors, against the Southern Railway Company. From judgment for plaintiffs, defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

Stevens, McCorvey & McLeod and Bestor & Young, all of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

SOMERVILLE, J. The reported cases dealing with the right of a railroad company to excavate, remove, and use the soil and other materials on its right of way, are not entirely harmonious.

The nature and limitations of the rights acquired by a railroad company by virtue of its condemnation of a right of way for the construction and maintenance of its road are discussed, and some authorities cited, in N., C. & St. L. Ry. Co. v. Karthaus, 150 Ala. 633, 43 South. 791; but the points of decision there were that the company had no right to excavate sand from its right of way for the purpose of selling it, and that any sale of such material constituted a conversion for which trover would lie.

The editor of the Lawyers' Reports Annotated has collected and reviewed the cases in his note to Cleveland, etc., R. Co. v. Hadley, 179 Ind. 429, 101 N. E. 473, 45 L. R. A. (N. S.) 796, and he concludes:

"The general rule seems to be that when it is necessary to remove material, such as earth, in constructing the road on its established grade, or changing the grade over a right of way, such material may be used by the company *even on other parts of the road.* * * * But when the removal of such material is not necessary in constructing the road on grade, the company has no right to move it *simply for use elsewhere.*" (Italics ours.)

In 10 R. C. L, p. 120, it is said that—

The company "may use as much of the earth, gravel, and stone within the location as it may need for the construction and maintenance of the road, and it may carry the same from one point to another on the road as these uses may require; but it has no right to sell such material to third persons."

In 15 Cyc. 603, C, the rule is thus stated:

"A railroad company having acquired a right of way is entitled to use so much of the timber, earth, gravel, stone, and other materials thereon as may be necessary for the proper construction or repair of its roadway, either in adjacent localities or elsewhere; but the company cannot sell or otherwise convert such materials to its own use, except for the purposes above stated."

A few of the leading cases referred to are Brainard v. Clapp, 10 Cush. (Mass.) 6, 57 Am. Dec. 74; Chapin v. Sullivan, 39 N. H. 564, 75 Am. Dec. 237; Lyon v. Gormley, 53 Pa. 261; Aldrich v. Drury, 8 R. I. 554, 5 Am. Rep. 624; Hendler v. Lehigh Valley R. Co., 209 Pa. 256, 58 Atl. 486, 103 Am. St. Rep. 1005; Hendrix v. So. Ry. Co., 162 N. C. 9, 77 S. E. 1001.

Our examination of these and other cases leads us to the conclusion that the distinction stated by the editor in the note to 45 L. R. A. (N. S.) 796, supra, is well founded both upon reason and authority; and we hold that earth and other materials, not excavated of necessity in the course of construction, may not be excavated and removed for use in the construction or maintenance of the roadway or other appurtenances or improvements, beyond the boundaries of the particular tract which was the subject of a separate condemnation. As said by the Supreme Court of Pennsylvania:

"The right, however, extends no further as against each owner than the boundaries of his own land. His land has been subjected to a servitude for the construction and maintenance of a railroad through it, but not for construction or maintenance through any other land. For the use of his materials for the latter purpose he has not been compensated." Hendler v. Lehigh V. R. Co., 209 Pa. 256, 58 Atl. 486, 103 Am. St. Rep. 1005.

We find nothing in the record of the proceedings under which defendant's predecessor, the Alabama Grand Trunk Railroad Company, condemned the tract of land from which the soil here in question was taken, which would extend the rights of defendant in this regard beyond the limitations of the general rule as above stated.

The giving and refusal of instructions to the jury were in accord with our theory of the law, and the exceptions to those rulings cannot be sustained.

[1] We find no evidence from which the jury could have inferred that Augustine Meaher, acting as the authorized agent of plaintiffs, gave defendant authority to dig and remove the soil, and instructions requested on that theory of the case were properly refused.

[2] The measure of damages, as held in N., C. & St. L. Ry. Co. v. Karthaus, 150 Ala. 641, 43 South. 794, was the value of the soil at the place of conversion, which was the place where it was first appropriated to an unlawful use—and not at the time and place of its severance. The reason given is that its digging and removal are per se lawful, and that conversion consists only in the final act of misappropriation. The instruction

that damages should be based on the value of the soil immediately after its severance was properly refused.

[3] Defendant excepted to several portions of the court's oral charge. The record, however, fails to show that their exceptions were seasonably taken, i. e., before the jury retired; and for that reason they cannot be sustained. Carter v. T. C. I. & R. R. Co., 180 Ala. 367, 61 South. 65.

[4] Plaintiff's witness Robertson testified that delivering dirt to any point in Mobile costs from a dollar to a dollar and a half a load, and never less than a dollar. On cross-examination he stated that the price named included labor and team and everything, and that if he paid a dollar for the dirt he would charge two dollars, and that he himself charged a dollar and a half or a dollar and a quarter a load.

Defendant, on cross-examination, propounded to him the following questions:

"Answering that first question when you figured a yard of dirt worth a dollar and a half to deliver, how much did you figure in as the worth of the dirt itself, and your services for driving the team, owning the team, owning the horse and wagon and driving the horse?"

"As a matter of fact, this dirt you have testified about as hauling for people and charged a dollar to a dollar and a half, isn't it most of the time that the dirt is given to you for nothing?"

"What do you pay, or what is the price of dirt at a particular place before you start to deliver it?"

These questions were excluded as irrelevant, on separate objections by plaintiff. In this the trial court committed prejudicial error. These questions were relevant to a vital issue, and directly tended to explain or impeach the direct testimony of the witness. If such questions be not allowed on cross-examination, the adverse party would be entirely at the mercy of an ignorant or untruthful witness.

[5, 6] We think it was competent also for defendant to ask its witness Hancock, on his examination in rebuttal, if dirt was often given away in Mobile to anybody who would haul it off. The question, as asked, was properly excluded, however, because of its leading form.

[7] Defendant offered in evidence the statement by its witness Hartley that land in the neighborhood of this cut, and of the same character, was worth about $25 or $30 an acre; which, on plaintiff's objection, was excluded.

Defendant's theory is that where the value of ordinary dirt, after severance from the parent land, is to be ascertained, and the plaintiff has introduced opinion evidence as to its value as personalty at a particular place, it is competent to show in rebuttal the value of land, as land, in the same neighborhood, and composed of the same or similar "dirt." The argument is that, if three acres of land, including the entire soil from the surface usque ad orcum, is worth only about $90, it is a physical and moral impossibility for a mere fraction of such land, viz., a part of its upper stratum to be worth six or seven times as much as the land itself, merely by reason of its excavation and removal.

We are unable to see any logical reason for the denial of defendant's contention, and we hold that the testimony in question was logically and legally relevant to the question of the value of the dirt at the points in issue, and that it was erroneously excluded. We do not hold that the value per acre of such land, as land, could supply a measure of value for the excavated dirt, but only that it supplied an element of value which was proper for consideration by the jury, in connection with the cost of its removal to points of use, in rebuttal of the opinions offered by plaintiff of dirt values at those and other places; and in rebuttal also of plaintiff's evidence tending to show that dirt cost, before its excavation, from 10 to 25 cents a cubic yard.

[8] The trial court properly overruled defendant's motion for a consolidation of this suit with other suits pending in the same court and prosecuted severally by this plaintiff's cotenants of the fee for this identical cause of action. The statutory right of consolidation is applicable only to causes of action pending between the same parties. Code 1907, § 5358.

[9] Nor was there any merit in defendant's petition for the removal of the cause to the federal court. The contention is that, because plaintiffs and their cotenants in the fee of the right of way originally brought a joint action for an amount within the federal jurisdiction, which action was by the defendant removed to the federal court, where the plaintiffs were nonsuited, the plaintiffs in that action cannot now evade the federal jurisdiction by suing severally in the state court for amounts not within the federal jurisdiction.

While these plaintiffs had a joint cause of action which they could prosecute jointly if they chose, they could also treat the injury to their several undivided interests as separate causes of action, and prosecute their claims in severalty. Zimmerman Co. v. Dunn, 151 Ala. 435, 44 South. 533.

If, in the lawful exercise of that right, the claim sued for becomes less than the amount required for federal jurisdiction, the motive of the plaintiff in thus suing is irrelevant and will not be considered. Chi. R. I. & R. Co. v. Whiteaker, 239 U. S. 423, 36 Sup. Ct. 152, 60 L. Ed. 360; and Kane v. Indianapolis (C. C.) 82 Fed. 770, 772.

For the errors noted, the judgment will

be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. [10] Upon consideration of this case by the full bench, it is now held that a condemnation of land for a railroad right of way, if not otherwise restricted, authorizes the condemnor to use the materials found thereon such as timber, earth, gravel, and stone, for the construction and maintenance of its roadway at any point thereon within the limits of its projected line as specified in the condemnation proceeding. This is in accordance with the broad rule laid down in 15 Cyc. 603, C, supra, which, it is conceived, is supported by the authorities approved in N., C. & St. L. Ry. Co. v. Karthaus, 150 Ala. 633, 43 South. 791, and also by the practice in this state of awarding to the condemnee as damages the full value of the land taken. Jones v. N. O. & S. R. R. Co., 70 Ala. 243; Hooper v. S. & M. R. R. Co., 69 Ala. 534; Cowan v. So. Ry. Co., 118 Ala. 562, 23 South. 754.

The original opinion will be modified in this particular, but is otherwise reaffirmed.

MAYFIELD, J., and the writer adhere to the original opinion in toto.

ANDERSON, C. J., and McCLELLAN, SAYRE, GARDNER, and THOMAS, JJ., concur in the opinion as modified.

MAYFIELD and SOMERVILLE, JJ., dissent as to the modification.