(104 So. 899)

## Ex parte SOVEREIGN CAMP, W. O. W.

## SOVEREIGN CAMP, W. O. W., v. GAY.

### (7 Div. 987.)

(Court of Appeals of Alabama. Feb. 17, 1925. Rehearing Denied March 17, 1925.)

**1. Courts** ⬄209(2)—**To compel trial court to vacate order refusing to set aside default judgment might be made on motion docket.**

Mandamus to compel trial court to vacate order overruling defendant's motion to set aside default judgment might be made on motion docket, where cause was pending in reviewing tribunal, and adverse party was given due notice.

**2. Mandamus** ⬄3(1) — **Will be liberally employed to correct errors in rulings of lower courts where injury has resulted.**

Mandamus will be liberally employed to correct errors in rulings of lower courts, where injury has resulted, and there exists no right of appeal or other adequate means, of redress.

Motion of the Sovereign Camp of the Woodmen of the World for mandamus to Hon. O. A. Steele, as Judge of the Circuit Court of Etowah County. Writ awarded. Certiorari denied by Supreme Court in Ex parte Gay (7 Div. 565) 104 So. 900.

See, also, post, p. 650, 104 So. 895; 104 So. 898.

C. H. Roquemore, of Montgomery, for appellant.

Formal verified petition is not essential; the practice of applying for mandamus by motion spread upon the docket has been approved. Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Brazel v. New South Coal Co., 131 Ala. 416, 30 So. 832; Ex parte Garland, 42 Ala. 559.

Goodhue & Lusk and Alto V. Lee, all of Gadsden, for appellee.

The motion is not presented upon transcript paper, and will not be considered. Supreme Court rule 36; Aust v. Sumpter Farm & S. Co., 209 Ala. 669, 96 So. 872. Applications for mandamus must be commenced by verified petition. Code 1923, § 8978. The application comes too late. Cornelius v. Moore, 208 Ala. 237, 94 So. 57. The pendency of another suit involving the same question will prevent the issuance of mandamus. Ex parte City Council, 114 Ala. 115, 14 So. 365; Ex parte Farrell, 1 96 Ala. 434, 71 So. 462, L. R. A. 1916F, 1257; Lewis v. Martin, 210 Ala. 401, 98 So. 643; So. v. Birmingham, 131 Ala. 663, 29 So. 191.

SAMFORD, J. [1] An application is made to this court, by motion entered here on the motion docket, to which our attention is called, for the grant of the writ of mandamus to O. A. Steele, Judge, etc., to compel the vacation of the order, decision, or judgment of said Steele as Judge, etc., overruling appellant's motion to set aside the judgment nil dicit entered against appellant, and shown by the record in this cause, and to grant appellant's motion in the circuit court for a new trial, all of which matters are included and properly certified in the original record in this cause and now before this court on submission. Upon the original submission of this cause, this court held that the action of the trial judge in denying appellant's application to set aside the judgment rendered nil dicit, and to grant a new trial, was error, and for this error the judgment was reversed. 104 So. 895.[1] On certiorari to the Supreme Court (Ex parte Gay [7 Div. 515] 104 So. 898), it was held that appeal was not the proper remedy, and remanded the case to this court for further proceedings. With the cause here pending, appellant makes the motion for writ of mandamus, of which motion appellee has had notice. The Supreme Court, in Aust v. Sumter F. & S. Co., 209 Ala. 669, 96 So. 872, in a case in all respects similar to the case at bar, holds the motion not to be presented on transcript paper as required by Supreme Court rule 36, and for that reason could not be considered. Upon that opinion, which is the latest expression of the Supreme Court on the subject, perhaps we should decline to consider the motion and dismiss the appeal, but in other decisions of the Supreme Court, of equal force and perhaps more thoroughly considered, it is held that:

"The practice of applying by motion, entered here on the motion docket, of which notice is given to the parties in adverse interest, has

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
¹ Post, p. 650.

prevailed too long now to be departed from, however informal it may seem." Ex parte Tower Manufacturing Co., 103 Ala. 415, 15 So. 836; Ex parte Garland, 42 Ala. 559; Brazel v. N. S. Coal Co., 131 Ala. 416, 30 So. 832; Brady v. Brady, 144 Ala. 414, 39 So. 237; Ex parte Baltman, 18 Ala. App. 293, 92 So. 24.

It is also held by the same authorities that, "when the application is made to this court for the grant of the writ, directed to an inferior court of record, because of matters necessarily of record, an authenticated transcript of the record renders unnecessary the verification by the oath of the applicant or other affidavits to support it."

[2] It is the settled law of the state that the writ of mandamus will be liberally employed to correct errors in the rulings of lower courts where injury has resulted, and there exists no right of appeal or other adequate means of redress, and, even if we were inclined to a contrary view, which we are not, the justice writing the opinion in Ex parte Gay, supra, in this identical case points out the remedy. Ex parte Jones, 133 Ala. 212, 32 So. 643; Ex parte Woodruff, 123 Ala. 99, 26 So. 509; Wilson v. Duncan, 114 Ala. 659, 21 So. 1017; Ex parte Tower Manufacturing Co., supra.

Let the rule nisi issue as prayed, returnable to this court at the call of the Seventh Division.

Rule nisi ordered.

BRICKEN, P. J., not sitting.

