SOVEREIGN CAMP, W. O. W., v. GAY.
(7 Div. 642.)

Supreme Court of Alabama. Oct. 13, 1927.

Rehearing Denied May 17, 1928.

1. Appeal and error ☞1201(3)—Rulings allowing plaintiff to file additional counts as amendment to complaint after remandment of case held proper (Code 1923, § 9513).

Rulings of court in allowing plaintiff to file additional counts as an amendment to complaint, and in overruling defendant's general objections thereto after remandment of case, held within letter and spirit of Code 1923, § 9513.

2. Continuance ☞7—Motion to continue case was addressed to discretion of court.

Defendant's motion to postpone or continue case was addressed to sound discretion of trial court.

3. Insurance ☞815(1)—Complaint in action on insurance certificate need not allege that premiums, dues, and assessments were paid as and when due.

It was not essential to statement of cause of action on insurance certificate that complaint aver that premiums, dues, and assessments were paid as and when due.

4. Mandamus ☞185—After issuance of rule nisi compelling vacation of judgment and denial of review by certiorari, circuit court could vacate judgment in accordance with alternative writ without awaiting final disposition of mandamus case and proceed with trial.

After issuance of rule nisi by Court of Appeals in mandamus proceeding to compel vacation of judgment theretofore entered by circuit court and denial of review in Supreme Court by certiorari, circuit court could vacate judgment in accordance with mandate of alternative writ without awaiting final disposition of mandamus case and proceed with trial.

5. Appeal and error ☞901—Supreme Court will assume that trial court followed orderly course of procedure, in absence of contrary showing.

Supreme Court will assume that trial court followed orderly course of procedure, in absence of an affirmative showing in record to contrary.

6. Appeal and error ☞1050(1)—Where witness had testified without objection to same fact elicited by question, overruling defendant's objections, if error, held harmless.

Where, before question made basis of assignment of error was put to witness, he had testified without objection to same fact elicited by question, overruling defendant's objections, if error, held harmless.

7. Trial ☞273—Exceptions to charge must be taken before jury leaves bar.

Exceptions to charge of court to jury must be taken before jury leaves bar.

8. Appeal and error ☞501(4)—Recital in bill of exceptions that party duly and legally excepted to charge held to affirmatively show timely exception.

Recital in bill of exceptions that party duly and legally excepted to court's charge to jury, with approval of trial judge, held to affirmatively show timely exception.

9. Trial ☞234(7)—Instruction on burden of proof held not erroneous because not stating that plaintiff had burden of proving averment that insured was in good standing at time of death.

In action on insurance certificate, charge in effect that under pleadings plaintiff had burden of proving that defendant issued beneficiary certificate upon deceased's life, and that certificate was payable to plaintiff, and that insured was dead, and that defendant had due notice of his death, which was sound so far as it went, held not erroneous because of failure to state that burden was on plaintiff to prove averment that deceased was in good standing at time of his death.

10. Insurance ☞817(1)—Burden was on defendant to show that proof of insured's death was not made in accordance with by-laws.

Where there was nothing on face of benefit certificate sued on, or indorsed on back thereof, that required proof of death, and complaint did not aver that proof of death was made in accordance with by-laws of defendant order, it was incumbent on defendant, if it desired to avail itself of such defense, to show that proof of death was not made in accordance with by-laws.

11. Appeal and error ☞1066—Instruction that, if notice of insured's death was forwarded to defendant's clerk, defendant had due notice of death, pretermitting receiving of notice, held harmless error.

In action on insurance certificate, instruction that, if jury found that notice of death was forwarded to defendant's clerk, that defendant had due notice of death, pretermitting question of receiving of notice by clerk, held harmless error.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Insurance ⊚⇒817(2), 819(2)—In action on insurance certificate, evidence showed prima facie that deceased was member in good standing, and cast on defendant burden of showing dues were not paid, resulting in suspension.**

In action on insurance certificate, evidence *held* to show prima facie that deceased member was in good standing at time of his death, and cast upon defendant burden of showing that dues for certain months were not paid in accordance with by-laws of order, resulting in suspension of deceased as member of order.

**13. Trial ⊚⇒260(1)—Error cannot be predicated upon refusal of charge covered by charges given.**

Error cannot be predicated upon refusal to give charge which is fully covered by charges given.

**14. Trial ⊚⇒261—Reversible error cannot be predicated upon refusal of elliptical charge.**

Reversible error cannot be predicated on refusal of charge which is elliptical.

**15. Insurance ⊚⇒819(1) — Generally, where plaintiff offers insurance certificate in evidence and shows that person to whom it was issued died prior to suit filed and that proof of death was furnished insurer in accordance with contract, this makes prima facie case.**

Generally, when insurer issues and delivers to member of order benefit certificate or policy, it places in his hands obligation that evinces his right to participate in benefit fund, and when action is brought thereon, and plaintiff offers certificate in evidence and shows that person to whom it was issued died prior to suit filed and that proof of death was furnished insurer in accordance with contract, this makes prima facie case.

**16. Insurance ⊚⇒815(4)—Allegation that insured was in good standing at time of his death must be proved.**

Where plaintiff in action on insurance certificate alleges that insured was in good standing at time of his death, he assumes burden of supporting averment by evidence sufficient to reasonably satisfy jury of its truth.

**17. Trial ⊚⇒261—Charge stating correct proposition, framed in language giving it misleading tendency, was properly refused.**

Charge asserting correct general proposition of law applicable to case, framed in such language as to give it misleading tendency and to invite explanation, was refused without error.

**18. Evidence ⊚⇒408(5)—Receipt given for insurance premium was open to explanation by extrinsic proof, so that true date of payment could be shown.**

In action on insurance certificate, receipt given for insurance premium was open to explanation by extrinsic proof, so that evidence could be introduced showing that date of receipt did not represent true date of payment.

**19. Insurance ⊚⇒825(2) — Whether premium on insurance certificate was paid within proper time held for jury.**

In action on insurance certificate in which defendant claimed that assessment was not paid within time required by by-laws of association, evidence *held* for jury.

**20. Appeal and error ⊚⇒1005(2) — Where there was evidence justifying verdict, denying motion for new trial held not reversible error.**

Where there was evidence before jury which, if believed, justified verdict returned, no reversible error was shown by action of court denying motion for new trial.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action on a certificate of insurance by George E. Gay against the Sovereign Camp of the Woodmen of the World. From a judgment for plaintiff, defendant appeals. Affirmed.

That part of the oral charge made the basis of assignment of error 23 is as follows:

"Defendant, by its plea of the general issue, denies all the matters in the complaint, the effect of which is to cast upon the plaintiff the burden of proof to satisfy you reasonably from the evidence that the defendant did issue a beneficiary certificate upon the life of Margie Gay, and that certificate was payable to the plaintiff, and that Margie Gay is dead, and that the defendant has had due notice of the death of Margie Gay."

The part of the oral charge made the basis of assignment 24 is as follows:

"Plaintiff offers testimony tending to show that a certificate from the War Department came to Gadsden to some of the relatives of the deceased person, Margie Gay, surviving, that he was dead, and that the certificate of the War Department was turned over to the secretary of the local camp in Gadsden, and that the secretary of the local camp forwarded that certificate to this man Yates, sovereign clerk of the defendant. Gentlemen of the jury, if you find that to be true, then the defendant has had due notice of the death of Margie Gay."

Charge 4, refused to defendant, is as follows:

"The court charges the jury that the burden of proof is on the plaintiff to show that Margie Gay was in good standing at the time of his death."

C. H. Roquemore, of Montgomery, for appellant.

The trial court, in oral charge, ignored the allegation in each count of the complaint, and the burden of proof thereon, that Margie Gay died while a member in good standing. This was error. The part of the oral charge set out in assignment 24 was erroneous. That Margie Gay was in good standing at the time of his death was a material allegation, and charge 4 should have been given. There was error in refusing the affirmative charge to defendant and in overruling its motion for a new trial. W. O. W. v. Gay, 207 Ala. 610, 93 So. 559. The statement that defendant "then

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and there duly and legally excepted" to the excerpts from the oral charge, noted in the bill of exceptions under the certificate of the trial judge, sufficiently shows that the exception was taken while the jury was present.

Goodhue & Lusk and Alto V. Lee, all of Gadsden, for appellee.

Exceptions to the oral charge of the court cannot be considered, where it does not affirmatively appear from the bill of exceptions that they were reserved pending the trial and before the jury retired. Carter v. T. C. I. Co., 180 Ala. 367, 61 So. 65; Moore v. State, 146 Ala. 687, 40 So. 345;[1] New, etc., Coal Co. v. Killgore, 4 Ala. App. 334, 58 So. 966. Charge 4 places too high a burden of proof on the plaintiff. Southern Ex. Co. v. Roseman, 206 Ala. 681, 91 So. 612.

BROWN, J. This case as presented on former appeal is reported in Sovereign Camp W. O. W. v. Gay, 207 Ala. 610, 93 So. 559. On that appeal a judgment in favor of the plaintiff was reversed because of the refusal of the trial court to give the affirmative charge for the defendant. It then appearing from the undisputed evidence that the insured, by his failure to pay the assessment due for the month of May, 1918, within the time required by the by-laws of the association, stood suspended, and having failed to comply with the conditions provided in the by-laws for his reinstatement, the certificate of insurance was void. After the remandment of the case and during the progress of the trial resulting in the judgment from which this appeal was taken, the plaintiff amended his complaint and offered some evidence tending to show that the dues for the month of May, 1918, were paid to the clerk of the local camp prior to the 10th day of June, and in these respects the case as now presented is different from that presented on the former appeal.

[1, 2] The rulings of the court in allowing the plaintiff to file additional counts as an amendment to his complaint, and in overruling the defendant's general objections thereto, were well within the letter and spirit of the statute, Code of 1923, § 9513; and the defendant's motion to postpone or continue the case was addressed to the sound discretion of the trial court. Alabama Great Southern Ry. Co. v. Hill, 93 Ala. 514, 9 So. 722, 30 Am. St. Rep. 65.

Count 5 of the complaint, added by amendment, avers that the insured died "as a member in good standing of said defendant society," and is not subject to the objection now urged against it.

[3] It was not essential to the statement of a cause of action that the complaint aver that "the premiums, dues and assessments were paid as and when due." A fortiori, though

the premiums, dues, and assessments were not paid "as and when due." Yet, if they were paid as averred in the several counts, and the insured was a member in good standing at the time of his death, a prima facie case of liability is shown. Sovereign Camp W. O. W. v. Burrell, 204 Ala. 210, 85 So. 762.

The appellant's contention that this case was pending on appeal to the Court of Appeals when the trial was entered upon—October 8th, 1925—is not sustained by the record, and the contrary appears from the records of this court and that of the Court of Appeals. Ex parte Gay, re Sovereign Camp W. O. W. v. Gay, 213 Ala. 5, 104 So. 898; Ex parte Sovereign Camp W. O. W., re Sovereign Camp W. O. W. v. Gay, 20 Ala. App. 531, 104 So. 899; Ex parte Gay, 213 Ala. 411, 104 So. 900.

[4, 5] After the issuance of the rule nisi by the Court of Appeals in the mandamus proceeding to compel a vacation of the judgment nil dicit, theretofore entered by the circuit court, and the denial of review here by certiorari, it was proper for the circuit court to act in accordance with the mandate of the alternative writ issued from the Court of Appeals and vacate the judgment without awaiting final disposition of the mandamus case, and proceed with the trial, and in the absence of an affirmative showing in the record to the contrary it will be assumed that this orderly course of procedure was followed.

There is nothing in the opinion of this court on the former appeal that can be construed as holding that the admission against interest in its official magazine, The Sovereign Visitor, was not admissible in evidence. What was there held is that such admission, in the absence of knowledge on the part of the home officers, under whose supervision this paper is published, that a forfeiture had resulted from Gay's failure to pay his dues as required by the by-laws of the society, that the admission did not constitute a waiver of the forfeiture. Sovereign Camp W. O. W. v. Gay, 207 Ala. 610, 93 So. 559.

The amount of damages claimed in the several counts of the complaint are not descriptive of the certificate of insurance, and even if they were, the certificate on its face insured the life of Margie Gay in the sum of $1,000 in the event of his death while in good standing after the second year, and the objection on the ground of a variance between the averments and proof was properly overruled. 22 Enc. Pl. & Pr. 537 (c).

[6] Before the question, made the basis of assignment of error 16, was put to the witness, he had testified, without objection to the same fact elicited by the question, and if it should be conceded that the court erred in overruling defendant's objections, it was clearly without injury. Carter v. Tenn. C. I. & R. R. Co., 180 Ala. 367, 61 So. 65.

Coming to the questions presented by the exceptions to the oral charge of the court,

---

[1] Reported in full in the Southern Reporter; not reported in full in the Alabama Reports.

we find that the bill of exceptions recites that "the court, in its oral charge, charged the jury as follows," setting out the excerpt, followed by the statement: "To this part of the charge the defendant duly and legally excepted."

[7] In City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562, this court adopted the rule of the cases holding that exceptions to the charge of the court to the jury must be taken before the jury leaves the bar, because, in the language of the opinion in that case:

"It is supported by respectable authorities, has been for a long time universally recognized in practice in this state, and seems to rest upon a good reason. The reason is, that the court may have, at the time of giving the charge, an opportunity 'for reconsidering and explaining it more fully to the jury.'"

Since that time this rule has been consistently followed, with one exception—Meadows v. State, 182 Ala. 51, 62 So. 737, Ann. Cas. 1915D, 663. See Reynolds v. State, 68 Ala. 507; Hayes v. Soloman, 90 Ala. 520, 7 So. 921; Carter v. T. C., I. & R. R. Co., 180 Ala. 367, 61 So. 65; Oil Well Supply Co. v. West Huntsville C. M. Co., 198 Ala. 501, 73 So. 899; Southern Ry. Co. v. Clarke et al., 203 Ala. 248, 82 So. 516.

In two of our decisions it is stated that this fact must "affirmatively appear." Carter v. T. C., I. & R. R. Co., supra; Oil Well Supply Co. v. West Huntsville C. M. Co., supra. By reference to the records in these cases, we find that in Carter's Case the recital in the bill of exceptions was that "the defendant excepted to the following portion of the court's oral charge to the jury," setting out the excerpt in question. While in the Oil Well Supply Company Case there was no recital of exception to the charge of the court in the bill of exceptions, but noted at the foot of the charge, as set out in the record, presumably by the circuit court reporter, "The plaintiff excepted to that part of the oral charge which says there was no evidence to support the first count of the complaint." And, applying the rule that the recitals of the bill of exceptions will be considered more strongly against the appellant, it was in effect held that the quoted recitals did not show that the exceptions were timely; i. e., taken before the jury left the bar. Moore v. State, 40 So. 345;[1] Massey v. Smith, 73 Ala. 173. And in fact no exception was shown in the Oil Well Supply Company Case.

[8] While, no doubt, it is the better practice for the bill of exceptions to affirmatively recite that the exception was taken during the trial and before the jury left the bar to consider their verdict, we are of opinion that the expression in the two cases that this fact must "affirmatively appear" is misleading in

[1] Reported in full in the Southern Reporter; not reported in full in 146 Ala. 687.

tendency, and that the recital that the party "duly and legally excepted," coming to us as it does, with the approval of the trial judge, affirmatively shows a timely exception. 19 C. J. 833, § 44; 36 C. J. 983, "Legally"; Dixie Grain Co. v. Quinn, 181 Ala. 208, 61 So. 886.

[9] The several counts of the complaint each aver that the deceased, Margie Gay, was in good standing at the time of his death, and, as before stated, though this averment may not be necessary in stating a cause of action, the plaintiff, having so averred, assumed the burden of proving this averment. The only criticism to which the excerpt from the oral charge, made the basis of assignment of error 23, is subject, is that it is omissive in failing to take account of this element of the burden of proof; yet the instruction is sound so far as it goes, and this assignment of error cannot be sustained.

[10] There is nothing on the face of the benefit certificate, or indorsed on the back thereof, that requires proof of death, nor does the complaint aver that proof of death was made in accordance with the by-laws of the order, 37 C. J. 556, § 309. Therefore it was incumbent on the defendant, if it desired to avail of this defense, to show that proof of death was not made in accordance with the by-laws. Sovereign Camp, W. O. W., v. Burrell, 204 Ala. 210, 85 So. 762.

[11] Under the averments of the complaint, the only burden in this respect assumed by the plaintiff was to show notice to the defendant of Gay's death. The witness Yates, the Sovereign Secretary, and the person who, according to the evidence, had authority to receive notices of death, testified that he received such notice from the secretary of the local camp and gave the information to the "Sovereign Visitor," the official organ of the Sovereign Camp. So the question of notice of death was not a contested question in the case. Under these circumstances the court could well have instructed the jury ex mero motu, without hypothesis, that defendant "had due notice of Margie Gay's death." Carter v. Chambers, 79 Ala. 223. Therefore because of the fact that the hypothesis in the excerpt from the oral charge of the court, made the basis of assignment of error 24, pretermits the receiving of the notice of death by Yates, and renders this instruction technically erroneous, it was clearly without injury.

[12] The evidence shows without dispute that the deceased member was killed on the 12th or 13th of September, 1918; that a list of the members of the local camp, including the name of Margie Gay, was forwarded to Vance, as secretary of the local camp, by Mr. Yates, the Sovereign Secretary, after the 2d day of August, 1918, and, according to Vance's best recollection, this list showed that Margie Gay was a member in good standing. The evidence further shows that the dues of the

deceased were paid up until October 1, 1918, and were duly forwarded to and received by the Sovereign Camp. This evidence prima facie shows that the deceased member was in good standing at the time of his death, and casts upon the defendant the burden of showing that the dues for the months of June and August, 1918, were not paid in accordance with the by-laws of the order, resulting in the suspension of the deceased as a member of the order. This is in effect the instruction made the basis of assignment of error 27.

There is no exception to that part of the oral charge withdrawing the expressions quoted in assignment 29, therefore assignments 29 and 29½ are without merit. The other exceptions to the oral charge of the court are clearly without merit.

Charge 1, made the basis of assignment of error 36, though set out in the record along with charges refused to the defendant, is indorsed, "Given."

[13] Charge 2, refused to the defendant, is fully covered by the oral charge of the court, and by charges 2 and 3 given at the request of the defendant.

[14] Refused charge 3 is elliptical, and reversible error will not be predicated on its refusal.

[15] The general rule, which has been applied to cases such as the case at bar, is that when the insurer issues and delivers to a member of the order the benefit certificate or policy, it places in his hands the obligation that evidences his right to participate in the benefit fund, and when action is brought thereon, and the plaintiff offers the certificate in evidence and shows that the person to whom it was issued died prior to the suit filed, and that proof of death has been furnished the insurer in accordance with the contract, this makes a prima facie case. Sovereign Camp W. O. W. v. Adams, 204 Ala. 667, 86 'So. 737; Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 47 So. 72.

[16] But if the plaintiff alleges in his complaint that the member was in good standing at the time of his death he assumes the burden of supporting the averment by evidence sufficient to reasonably satisfy the jury of its truth. Sovereign Camp W. O. W. v. Burrell, 204 Ala. 210, 85 So. 762; 14 R. C. L. p. 1434, § 596, and cases cited under note 18.

[17] Charge 4 requested by and refused to the defendant, while it asserted a correct general proposition of law applicable to the case in hand, it was framed in such language as to give it a misleading tendency and to invite explanation, and was therefore refused without error. Southern Express Co. et. al. v. Roseman, 206 Ala. 681, 91 So. 612.

[18, 19] As before indicated, the plaintiff offered evidence on the last trial to the effect that the premiums, assessments on dues for the month of May, 1918, were paid by him to Murphy, the clerk of the local camp, before the 10th of the following month, and tending to show that the date of the receipt did not represent the true date of the payment. The receipt was open to explanation by extrinsic proof. Haynes v. Wheat & Fennell, 9 Ala. 239; 4 Mayf. Dig. 666, § 12. Taking the evidence as now presented as a whole, it presents a jury case and the several affirmative charges were properly refused.

[20] As before stated, there was evidence before the jury which, if believed, justified the verdict returned, and under the established rule for reviewing trial courts who have had the advantage of seeing and hearing the witnesses, we are not persuaded that reversible error is shown by the action of the court denying the motion for a new trial. Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

